In re Donald Earl TETER and Wilma Lou Teter, Debtors.

Delma Goldene TETER, Plaintiff,

v.

Donald Earl TETER, Defendant.

Bankruptcy No. 380–00566G.
Adv. No. 380–0420G.

United States Bankruptcy Court,
N. D. Texas,
Dallas Division.

Oct. 1, 1981.

Wayne A. Melton and Michael J. O'Neill, Dallas, Tex., for plaintiff.

Robert L. Yeager, III, Dallas, Tex., for defendant.

## OPINION REGARDING DISCHARGE-ABILITY AND ATTORNEY'S FEES

DEAN M. GANDY, Bankruptcy Judge.

The issue presented in this case is whether an obligation to "cause" a corporation in which the husband/defendant/debtor owned controlling stock interest to continue the employment of the plaintiff/wife at a salary of $125 per week is a non-dischargeable debt under the provisions of § 523(a)(5) of the Bankruptcy Code, and if the debt is non-dischargeable, whether attorney's fees are allowable in favor of the attorney for the plaintiff.

The parties to this action were married on May 26, 1945, and lived together as husband and wife until they were divorced in 1974. Under a settlement agreement made a part of the divorce decree, the parties divided their community property, and the agreement contains two clauses which related to periodic payments in favor of the wife. Under Paragraph 4, the husband agreed to pay the wife "for her support and maintenance in addition to the partition of the property and child support, the sum of $500 per month ..." ceasing upon either party's death, or the wife's remarriage. In the original complaint to determine dischargeability in this case, the plaintiff sought to have this debt excepted from discharge, and initially the defendant opposed such an exemption contending, among other things, that the wife had entered into a common law marriage, but in the pretrial order entered between the parties, the defendant concedes that the $500 per month obligation is a non-dischargeable debt.

It is the obligation that the husband assumed under Paragraph 6 of the settlement agreement that is the subject of this dispute. It provides as follows:

"(6) Husband agrees to cause Direct Fashions, Inc. (or at his election, some other entity) to continue employment of Wife, but as a consultant, for a salary of $125 per week with hospitalization and Social Security benefits. Wife will deliver to Husband all keys and other property of Direct Fashions and she agrees to work at such times and places (consistent with her position and age as well as good taste) as her employer reasonably directs."

This payment of $125 per week was regularly made by the defendant's company until May 21, 1979. At that time she received a letter from the new president of Direct Fashions reciting that Mr. Teter, the defendant, was no longer associated with the company, and that the payment would be discontinued. Subsequently, an involuntary bankruptcy petition was filed against this company, and it was administered as a Chapter 7 debtor in this Court. The $500 per month payment was periodically made by the defendant until July 1, 1980. No

such payment has been made after that date. On August 6, 1980, the defendant filed a voluntary Chapter 7 petition, and the complaint to determine dischargeability has been properly filed by the plaintiff. The matter has been submitted to this Court on stipulations, the pretrial order, and depositions. Both attorneys have performed a very commendable job in identifying the issues in the case, abandoning issues when they found no facts to support them, and saving a great deal of time in the trial of a very difficult legal issue.

■ § 523(a)(5) of the Code excepts from discharge any debt to a former spouse "for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement". The plaintiff contends that the $125 obligation is for support or maintenance. Defendant contends that the obligation was an obligation of the corporation, and not the personal obligation of the defendant, that the payments to be made to plaintiff under this agreement were in the na contends that the obligation of the defendant, that the payments to be made to plaintiff under this agreement were in the nature of a property division agreement and not for support or maintenance.

It is not possible to analyze any alimony and support issue in the Fifth Circuit without beginning with the case of *In Re Nunnally*, 506 F.2d 1024 (5th Cir. 1975). Judge Flowers has properly pointed out in the case of *In Re Fox*, 5 B.R. 317 (B.C.N.D.Tex.1980) the problems related to that case, particularly the fact that the *Nunnally* court did not discuss any facts on which it relied to find that support played a significant role in making the determination of alimony substitute. Yet, obviously, *Nunnally* must require this Court to look behind the decree and consider extrinsic factors to determine whether support and maintenance did play a part in the $125 obligation as approved by the divorce court. To do this, this Court has carefully considered the depositions of both parties.

The plaintiff testified that the obligation in no way required her to be "involved"

with Direct Fashions. There was no obligation on her part. She was never requested to do any work for the company. The deposition of the defendant confirms the fact that she was not requested to perform any services for the company. Defendant states in his deposition that he agreed in the property settlement agreement to have Direct Fashions make payments to Mrs. Teter in order to "help support her". He selected his then-controlled corporation to make those payments partially for tax reasons. It was his understanding that the $125 per week combined with the other payments Mrs. Teter was to receive were to be used to pay mortgage, utilities, and living expenses. Clearly the earning capacities of the two parties were unequal. Five children had been born to the marriage, and two were minors at the time of the divorce. Mrs. Teter had worked as a substitute teacher for a short period of time, but had no teacher's certificate. She was at the time of the filing of the complaint working as a "dental assistant" at a salary of approximately $130 per week. The $500 obligation acknowledged to be for support and maintenance was treated by Mr. Teter, throughout the course of his deposition, as an obligation similar to the promise in Paragraph 6 to "cause" an entity to pay the plaintiff $125 per week. From the deposition, I conclude that there was a significant element of support and maintenance involved in the agreement between the parties to cause the payment to the plaintiff by an entity of the defendant of this sum.

The *Nunnally* court indicated we should not be bound by the label which a State Court places on a decree in a case such as this, but "we must look to its substance". Yet, the "substance" to which the Court referred was never specified, and the obligation in question was only a single payment obligation representing the reimbursement of the wife's separate property for payments on a community obligation. If that type of obligation is "alimony substitute", then it is very difficult for this Court, until the *Nunnally* rationale is better defined by an appellate court, to find *any* obligation arising out of a marriage dissolu-

tion that would not be for "support and maintenance". Certainly here, where the earning power of the parties is uneven, where there were minor children, and where the husband acknowledged that the obligation was for support, this Court must find that the debt should be excepted from discharge under § 523(a)(5).

■ It is noted that the obligation in question also required the furnishing of hospitalization and Social Security benefits. Nothing in the pretrial order or in the stipulation which the parties have presented offers any evidence as to the value of this obligation, and in the absence of such evidence, no award will be made relating to hospitalization or Social Security benefits.

Having determined the above issues in favor of the plaintiff, we now turn to the question of whether attorney's fees for the plaintiff should be allowed.

■ The parties have stipulated that if attorney's fees in favor of the plaintiff are properly allowable, then the amount should be $2,775. The plaintiff contends that she is entitled to such fees under Art. 2226 of the Texas Statutes as revised in 1977, which provides, among other things, that "suits founded on oral or written contracts" may result in the claimant being awarded a reasonable amount of attorney's fees. The defendant raises no argument to the effect that the thirty-day notice provision was not proven, but instead argues that § 503(b)(4) of the Bankruptcy Code should control, and that litigation under a debt such as this is not included in the actions under which the creditor may recover attorney's fees. Yet, all of the authority which the defendant cites relates to the issue of whether fees should be allowed *from the estate*. This case does not involve that issue. The issue to be determined is the extent of a non-dischargeable debt, and no more, and as related to this facet, whether attorney's fees should be a part of it.

The case of *Brophy v. Brophy*, 599 S.W.2d 345 (Tex.Civ.App., 1980) no writ hist., was a suit to enforce contractual alimony payments similar to the present suit and that State Court held that reasonable attorney's fees could be allowed in favor of the wife. *Nunnally* and many other cases which hold that the attorney's award is non-dischargeable if originally made by the State Court in the divorce proceeding as a indistinguishable part of the support award are not necessarily in point on the issue of whether this Court should now follow Art. 2226, but those cases are persuasive in indicating that the liability is that created by state law, and that state law should control. I conclude that under Art. 2226, reasonable attorney's fees in favor of the wife are permitted, and should be established by this Court in a non-dischargeability context.

The attorney for the plaintiff is directed to prepare a judgment finding both the $500 per month and the $125 per week obligations to be non-dischargeable under § 523(a)(5), and also finding that reasonable attorney's fees in the amount of $2,775 should be allowed in favor of the attorney for the plaintiff. The attorney for the defendant is to file any objections to the form of the judgment within five days after its submittal by the attorney for the plaintiff.