ROBERT M. PARKER, Retired Circuit Judge.
Appellee filed motion in trial court to hold appellant in contempt of court for failure to pay child support and to provide medical insurance coverage. The trial court found that appellant was in contempt of court at the time the motion was filed but had purged himself of contempt prior to the hearing by compliance with the judgment of divorce and was not in contempt at the time of the hearing and discharged the appellant. The trial court then awarded appellee’s attorney a fee for his services.
Section 30-2-54, Ala.Code (1975), states,
“In all actions for divorce or for the recovery of alimony, maintenance or support in which a judgment of divorce has been issued or is pending and a contempt of court citation has been made by the court against either party, the court may, of its discretion, upon application therefor, award a reasonable sum as fees or compensation of the attorney or attorneys representing both parties.”
This statute has been construed to mean that attorney’s fee in enforcement proceedings may not be awarded when no contempt citation is made. Hartsfield v. Hartsfield, 384 So.2d 1097 (Ala.Civ.App. 1980); Scott v. Scott, 375 So.2d 797 (Ala. Civ.App.1979); Smith v. Smith, 365 So.2d 88 (Ala.Civ.App.1978).
The trial court, failing to cite appellant for contempt of court, erred in awarding appellee’s attorney a fee.
Judgment of the trial court is hereby reversed and rendered.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND RENDERED.
All the Judges concur.