**In the Matter of Thomas Holman MYERS, Debtor.**

**Thomas Holman MYERS, Plaintiff,**

v.

**Carol Sonderman MYERS and Jay E. Loeb, as Trustee, Defendants.**

**Bankruptcy No. A85–03119–ADK. Adv. No. 85–0637A.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

June 10, 1986.

Morton P. Levine, Levine & D'Alessio, Atlanta, Ga., for plaintiff.

Richard A. Katz, Atlanta, Ga., for defendants.

## MEMORANDUM OF OPINION AND ORDER

A.D. KAHN, Bankruptcy Judge.

Plaintiff-Debtor filed the above-styled adversary complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(5). The debt in question arises out of a Judgment on Jury Verdict signed by the Superior Court of Dekalb County, State of Georgia on June 3, 1985, *nunc pro tunc* May 14, 1985. The jury awarded Defendant, *inter alia,* "a lump sum of $126,000, payable $1,500 per month for seven years." Jury Verdict at 1 attached as Exhibit "A" to Plaintiff-Debtor's Brief in Support of "Complaint to Determine Debt to be Dischargeable" [herein-

after referred to as "Jury Verdict"]. Defendant has filed a counterclaim seeking a determination that, in addition to the lump sum alimony award, attorneys' fees awarded in connection with the divorce proceeding in state court are nondischargeable.

The Parties have agreed to submit the state court record to this Court, along with briefs, for the determination of the dischargeability of this debt. The Court finds this matter to constitute a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2). After carefully considering the record of the proceedings before the Superior Court of Dekalb County and the briefs filed by the Parties, the Court now makes the following findings of fact and conclusions of law.

## I.

Plaintiff-Debtor and Defendant were married in June of 1973. It was the second marriage for both of them. Defendant had two minor children from her previous marriage; Plaintiff-Debtor had none. The Parties lived together along with Defendant's two children for approximately eleven years. In 1984, the Parties separated and Defendant filed for divorce in Dekalb County, Georgia.

After a five-day trial, the jury rendered a verdict in which it awarded Defendant

alimony as follows: a lump sum of $126,-000, payable $1,500 per month for seven years...."

Jury Verdict at 1. The Jury also divided the property of the Parties, with Defendant receiving, *inter alia*, the marital home and Plaintiff-Debtor receiving, *inter alia*, Tom Myers and Associates. The evidence before the jury showed that the marital home had a current market value of between $95,000 and $104,000. Trial Transcript from Jury Trial Proceedings in the Superior Court of Dekalb County, Georgia at 651 [hereinafter referred to as "Trial Transcript"]; Exhibit P–32 from Trial before Superior Court of Dekalb County. Thus, the house had between $7,000 and $14,000 in equity. *See* Exhibit D–17 from Trial before Superior Court of Dekalb County.

Tom Myers and Associates was a sole proprietorship run by Plaintiff-Debtor. It was a market research firm which, at the times relevant to the divorce proceeding, had as a majority of its work studies for various television and radio stations which had to make periodic market studies for the Federal Communications Commission. There was evidence that the FCC had relaxed some of its requirements, thus making these studies, at least in part, no longer mandatory. There was also evidence that Defendant had been instrumental in making the initial contacts and securing many of the clients in the broadcasting business for Tom Myers and Associates.

An expert witness testified that Tom Myers and Associates had a value at the end of 1983 of $274,000. Trial Transcript at 430–431. This figure was based upon business records for the previous four years. *Id.* at 431–432. It was also based upon the assumption that the top manager of the firm was receiving a salary of $43,-200 a year. *Id.* at 432. It did not take into account any decrease in the volume of work related to the relaxing of the FCC's requirements. *Id.* at 433.

Defendant testified that she was currently employed as a secretary with a salary of $18,000 per year. Trial Transcript at 230. In her budget of monthly expenses, Defendant showed that she had a monthly income of $1,150.00 and that she needed $2,223.08 a month from Plaintiff-Debtor to meet her expenses. See Exhibit P–39 from Trial before Superior Court of Dekalb County. Ascertainment of Plaintiff-Debtor's income was made difficult because most personal and family expenses were paid through Tom Myers and Associates. In her budget of monthly expenses, Defendant estimated that Plaintiff-Debtor had a monthly income of $7,279.48. *Id.*

## II.

Plaintiff-Debtor seeks to have the lump sum alimony award of $126,000 declared to be dischargeable pursuant to 11 U.S.C.

§ 523(a)(5) which provides, in part, that a debt is nondischargeable if it is one owed

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record, or property settlement agreement, but not to the extent that—

. . . .

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

■■■ The creditor objecting to the dischargeability of a debt has the burden of proof. *Edwards v. Edwards (In re Edwards)*, 31 B.R. 113 (Bankr.N.D.Ga.1983). Thus, in the proceeding *sub judice*, Defendant has the burden of proving that the award of lump sum alimony was "actually in the nature of alimony, maintenance, or support." § 523(a)(5)(B). This determination must be made according to federal law and not state law. *Harrell v. Sharp (In re Harrell)*, 754 F.2d 902 (11th Cir.1985). The Parties agree that the issue before the Court is whether the jury intended the award of lump sum alimony as support for Defendant.

■■■ After careful consideration of the state court transcript, exhibits tendered in that proceeding, and the briefs filed herein by the Parties, the Court is compelled to conclude that this debt is in the nature of support for Defendant and is, thus, nondischargeable. The Court bases this conclusion upon the following factors.

Although the designation of the award as alimony by the jury is not controlling, the Court finds that it constitutes some indication of the jury's intent that the award was for Defendant's support. Examination of the handwritten jury verdict shows a deliberate entry of the lump sum award under the heading of alimony. The jury then went on to make a division of the Parties' property under a separate section

of the verdict form clearly designated as property division.

More importantly, however, this Court must consider the nature of the award. Although as Plaintiff-Debtor correctly points out, the lump sum award does not terminate upon Defendant's death or remarriage, which is typically found in alimony awards, it is clearly designed to give Defendant support for living expenses for a period of seven years. The jury awarded Defendant the marital home. They were aware that the house had a first mortgage with monthly payments of $482.43 and a second mortgage with monthly payments of $979.00. See Exhibit P–39 from Trial before Superior Court of Dekalb County. It is clear that Defendant could not meet both of these obligations in addition to her other monthly living expenses on her salary alone. She needed support from Plaintiff-Debtor. There was also evidence that the second mortgage had been placed on the house through a line of credit with the bank and that Defendant had not been aware of the extent to which the line of credit had been used. Trial Transcript at 159. Defendant also testified that it would take approximately six to seven years to pay off this mortgage. *Id.* at 160.

Plaintiff-Debtor argues that, under state law, lump sum alimony awards which do not terminate upon death or remarriage are simply a property division and not alimony. *See Rooks v. Rooks*, 252 Ga. 11, 15–17, 311 S.E.2d 169 (1984) (Weltner, J., concurring); *Nash v. Nash*, 244 Ga. 749, 262 S.E.2d 64 (1979). However, as stated above, a bankruptcy court in determining the dischargeability of a debt pursuant to § 523(a)(5) must look to federal law and not to state law. *Harrell v. Sharp*, 754 F.2d at 904–905.

Plaintiff-Debtor has also submitted several affidavits from his attorneys who tried the divorce case in state court. Jack P. Turner and Richard W. Schiffman, Jr. state in their affidavits that

Counsel for Carol Sunderman Myers, Mr. Joseph Szczecko in his opening statement to the jury stated that Mrs. Myers was

not specifically seeking any alimony as such. Mr. Szczecko went on to add that Mrs. Myers wished to receive a sum of cash equal to a one-half interest in Tom Myers & Associates.

Affidavit of Jack P. Turner designated as Exhibit "D" and filed by Plaintiff-Debtor on February 18, 1986; Affidavit of Richard W. Schiffman, Jr. designated as Exhibit "E" and filed by Plaintiff-Debtor on February 18, 1986.

Defendant has filed a counter affidavit in which attorney Joseph Szczecko states that

At no time, whether in opening argument, closing argument or during the trial of the case, did Mrs. Myers waive her claim for alimony for her own support from her husband. Further, at no time did Affiant make any statement to the Court or to the jury which could be construed as a waiver by Mrs. Myers of the claim for alimony.

Affidavit of Joseph Szczecko attached as Exhibit "C" to Defendant's Brief in Opposition to Complaint to Determine Debt to be Dischargeable. The Court finds that these conflicting affidavits add little to shed light on the jury's intention. Therefore, the Court has considered them over Defendant's objection and has given them the probative weight they deserve.

The Court finds Plaintiff-Debtor's contention that the jury intended the lump sum alimony award to be a division of Tom Myers & Associates and thus a dischargeable property division unpersuasive. It is clear from the evidence before the jury that Tom Myers & Associates had generated a good family income for the Parties. The jury was also aware that it was awarding Plaintiff-Debtor the entire business and that Defendant was only going to have a salary of $18,000 per year. The jury fashioned the lump sum alimony award of $126,000 in such a way to increase Defendant's monthly income by $1,500. The Court is convinced that the jury intended this to serve as support for Defendant.

■ The Court further finds that the award of attorney's fees made by the state court in connection with the divorce proceedings in that forum are nondischargeable. Under federal case law, most courts have held that such attorney's fees constitute alimony or support and are thus nondischargeable pursuant to § 523(a)(5). *See, e.g., Marks v. Catlow (In re Catlow)*, 663 F.2d 960 (9th Cir.1981); *Pauley v. Spong (In re Spong)*, 661 F.2d 6 (2nd Cir.1981); *Porter v. Gwinn (In re Gwinn)*, 20 B.R. 233 (Bankr. 9th Cir.1982); *Hack v. Laney (In re Laney)*, 53 B.R. 231 (Bankr.N.D. Tex.1985); *Snider v. Tessler (In re Tessler)*, 44 B.R. 786 (Bankr.S.D.Ca.1984); *Lewis v. Lewis (In re Lewis)*, 39 B.R. 842 (Bankr.W.D.N.Y.1984); *Frumkes v. Kaytes (In re Kaytes)*, 28 B.R. 140 (Bankr.S.D.Fla. 1983); *Westmoreland v. Painter (In re Painter)*, 21 B.R. 846 (Bankr.M.D.Ga. 1982). This Court agrees that such fees are intended as support and should be held to be nondischargeable pursuant to § 523(a)(5).

■ Defendant has also requested an award of attorneys' fees for fees arising in connection with the instant adversary proceeding to determine the dischargeability of debts. See Defendant's Motion for Assessment of Attorney's Fees filed on January 23, 1986. In support of her request, Defendant relies on the case of *Galpin v. Galpin (In re Galpin)*, Adversary No. 84–0003G (Bankr.N.D.Ga. Apr. 3, 1986) (Cotton, J.) in which the Court stated that "pursuant to 11 U.S.C. § 523, the Bankruptcy Court may, in its discretion, award reasonable attorneys fees and costs for work that relates to the determination of nondischargeability." *Id.* at 2.

This Court declines to follow the holding of *Galpin*. Section 523(d) provides that the Court may award reasonable attorneys' fees to the debtor in the context of litigation under § 523(a)(2) if the Court finds that the creditor's position was not substantially justified. This is the *only* subsection of § 523 for which attorneys' fees are statutorily provided. The Court is aware of a few published decisions in which such fees were awarded for litigation pursuant to § 523(a)(5). These cases reason that the dischargeability litigation is sufficiently related to the enforcement of a nondischargeable award of alimony, mainte-

nance, or support that fees arising out of such litigation should likewise be awarded and held to be nondischargeable. *See, e.g., Chambers v. Chambers (In re Chambers)*, 36 B.R. 42 (Bankr.W.D.Wisc.1984); *Teter v. Teter (In re Teter)*, 14 B.R. 434 (Bankr.N.D.Tex.1981).

In addition to the lack of statutory authority for such an award, this Court must follow the rationale used by the Eleventh Circuit Court of Appeals in the case of *Harrell v. Sharp*. There the Court held that the bankruptcy courts have no role in assessing the amount of support owed to an ex-spouse. Such determination is clearly in the province of the state courts. If this Court were to make a nondischargeable award of attorneys' fees pursuant to § 523(a)(5), the Court would be intruding in an area in which Congress clearly had not intended the Court to delve. The Court finds that Congress intended each party to bear his or her own costs of litigation under § 523 except in the few cases where a creditor has filed a complaint pursuant to § 523(a)(2) regarding a consumer debt without good cause. The Court does note, however, that pursuant to Bankruptcy Rule 9011, the Court always has the power to assess attorneys' fees where a party has filed a pleading not well grounded in fact or law, but said Rule is inapplicable to the case *sub judice*. If, because of the costs arising out of this litigation, Defendant needs more support than what has already been awarded by the state court and found to be nondischargeable by this Court, she may always seek a modification in state court.

In conclusion, the Court notes that this was not a consent decree. The Court took all of the facts into consideration, including the form and nature of the award. This Court has no authority to reapportion the debt. *Harrell v. Sharp*, 754 F.2d at 906–907. Therefore, the Court finds that the entire lump sum award of $126,000.00 and the attorneys' fees awarded by the State Court are nondischargeable in bankruptcy.

### ORDER

In accordance with the reasoning above, it is the Order of the Court that the following debts owed by Plaintiff-Debtor to Defendant be, and the same hereby are, NONDISCHARGEABLE in bankruptcy pursuant to § 523(a)(5):

1. The lump sum alimony award of $126,000.00 payable at the rate of $1,500.00 per month for a period of seven (7) years as provided in the Judgment on Jury Verdict signed by the Superior Court of Dekalb County, Georgia on June 3, 1985 *nunc pro tunc* May 14, 1986;

2. The award of attorneys' fees of $1,500.00 as provided in the Order of Contempt filed by the Superior Court of Dekalb County, Georgia on June 21, 1985; and

3. The award of attorneys' fees of $10,304.76 as provided in the Order on Attorney's Fees filed by the Superior Court of Dekalb County, Georgia on July 2, 1985.

It is the further Order of the Court that Defendant's Motion for Assessment of Attorney's Fees be, and the same hereby is, DENIED.

An appropriate Judgment is entered contemporaneously herewith.