J. ED TEASE, Retired Circuit Judge.
Former husband appeals from adverse judgment entered after post-divorce litigation.
In the 1981 decree of divorce, each party was awarded certain real estate, with wife directed to pay $100 per month and appellant $42.89 per month against an existing mortgage. In April 1987, after former wife (appellee) had failed to make numerous payments required of her, appellant was awarded a judgment against her for $2,794.77, representing payments he had made in her behalf. The divided payment obligation continued in effect.
After appellee again missed two payments in late 1988, appellant paid the ar-rearage and filed this action: (1) seeking a declaration that he had fully satisfied his obligation through the life of the mortgage with respect to his $42.89 per month payment; and (2) seeking a judgment against appellee for his alleged overpayment.
After this matter was submitted on stipulated facts, the trial court entered judgment: (1) for former wife against appellant in the amount of $2,237.20; (2) ordering appellant to continue payments of $42.89 per month for life of the mortgage; and (3) awarding $200 attorney’s fee to be paid by appellant.
Appellant asserts on appeal: (1) that the judgment for appellee was based on erroneous calculation and was contrary to the evidence; (2) that money judgment should have been rendered in favor of appellant against appellee; (3) that he is entitled to interest at the legal rate on the April 1987 judgment of $2,794.77 in his favor; (4) that the trial court erred in not declaring his obligation under the mortgage and decree fully satisfied; and (5) that the trial court erred in ordering him to pay attorney’s fees without having found him in contempt.
At the outset, we note that the case was submitted to the trial court on stipulated facts. Under such circumstances, the findings of the trial court carry no presumption of correctness, and the appellate court must consider the evidence de novo in light of applicable legal principles. Lepes-ka Leasing Corp. v. State of Alabama, Department of Revenue, 395 So.2d 82 (Ala.Civ.App.1980), cert. denied, 395 So.2d 85 (Ala.1981).
Under the evidence, it would appear that appellant would have clearly been entitled to judgment against appellee for the amount of his previous judgment and certain other sums he later paid to prevent foreclosure. Even appellee candidly agrees that the money judgment entered by the trial court in favor of appellee was erroneous and should have been in favor of appellant. We, therefore, hold that the trial court erred in awarding a judgment of $2,237.20 in favor of appellee, which was contrary to the evidence.
Appellant also contends that he is entitled to interest at 12 percent on the judgment rendered in his favor in April 1987. We agree. The judgment was a final judgment, which accrues interest so long as it is unpaid. § 8-8-10, Ala.Code 1975; Morgan v. Morgan, 445 So.2d 297 (Ala.Civ.App.1983).
We pretermit discussion of the applicability of legal interest to other aspects of this case because the findings and conclusions of the trial court are not sufficient for us to determine such questions. Suffice it to say that, on remand, we assume the learned trial judge will correctly apply existing Alabama law on the issues pertaining to legal interest.
Appellant next contends that the trial court erred in awarding an attorney’s fee to appellee even though appellant was not adjudged in contempt. Appellee’s counter-petition sought enforcement of earlier decrees and the finding of contempt against appellant. Under the circumstances of the case at bar, a trial court may not award an attorney’s fee without a citation for contempt being made against the offending party. § 30-2-54, Ala.Code 1975; Grissett v. Grissett, 447 So.2d 760 (Ala.Civ.App.1984); Bell v. Bell, 443 So.2d 1258 (Ala.Civ.App.1983).
As to appellant’s final contention that he is entitled to set off his judgment against his future obligation under the *177 mortgage and divorce decree, we can only say that set-off is one alternative which the trial court may consider on remand. In enforcing their decrees, trial courts must be allowed the latitude necessary to effectuate the intent of such decrees.
For the errors stated herein, the judgment below is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.
The foregoing opinion was prepared by Retired Circuit Judge J. ED TEASE while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the judges concur.