In re Jan Keith SHEARER, Debtor.

Gail Ann SHEARER, Plaintiff,

v.

Jan Keith SHEARER, Defendant.

Bankruptcy No. 89–00055.
Adv. No. 89–9119.

United States Bankruptcy Court,
N.D. Florida,
Gainesville Division.

Dec. 18, 1990.

Karen Specie, Gainesville, Fla., for plaintiff.

Jeffrey R. Dollinger, Gainesville, Fla., for defendant.

J. Michael Davis, Gainesville, Fla., Trustee.

## ORDER ON PLAINTIFF'S MOTION FOR ASSESSMENT OF ATTORNEY'S FEES

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

This matter is before the Court on Gail Ann Shearer's ("Plaintiff") motion for assessment of attorney's fees. Plaintiff seeks to have this Court award her attorney's fees for fees arising in this adversary proceeding to determine the dischargeability of debts. Having considered the argument of counsel and for the reasons set forth below, Plaintiff's motion for assessment of attorney's fees is denied.

The parties were married on September 10, 1972. During their marriage they had four children. The wife filed a petition for dissolution of marriage in 1988. On November 23, 1988 a Final Judgment Dissolving Marriage was entered in the Circuit Court in and for the Eighth Judicial Circuit, Alachua County, Florida. Also, on November 23, 1988, the parties executed a Marital Settlement Agreement. The husband agreed to be responsible for all joint debts and obligations then in existence, except of the mortgage on the marital home and the debt attributable to a washer and dryer. In addition, the husband was responsible for one-half of the wife's attorney's fees.

At the time of the dissolution, the husband was an Associate Professor at the University of Florida College of Veterinary Medicine and was earning an annual income of $52,800.00. The wife was employed at a private school as a part-time teacher, with an annual salary of approximately $8,000.

On or about March 23, 1989, Jan Keith Shearer ("Defendant" or "Debtor") filed a voluntary petition for protection under Chapter 7 of the Bankruptcy Code. On September 29, 1989, the plaintiff filed this adversary proceeding to determine the dischargeability of the defendant's debt owed to the plaintiff. On July 13, 1990 this Court entered summary judgment in favor of Plaintiff, finding that Defendant's obligation to indemnify Plaintiff for any and all liability for joint debts of the parties which existed prior to the entry of the Final Judgment Dissolving Marriage was in the nature of support or alimony, and was nondischargeable pursuant to § 523(a)(5) of the Bankruptcy Code. The Court also reserved jurisdiction to rule on the issue of whether Plaintiff was entitled

to an award of attorney's fees and costs in connection with this adversary proceeding.

Plaintiff's argument is that she is entitled to a reasonable attorney's fee incurred during the adversary proceeding to determine the dischargeability of the debt owed to her. She asserts that the majority of bankruptcy courts follow the general rule that attorney's fees awarded to a party in a marital dissolution action is so tied in with the obligation of support that it is in the nature of support or alimony and excepted from discharge. *In the Matter of Romano*, 27 B.R. 36 (Bkrtcy.M.D.Fla.1983). Plaintiff asks this court to broaden that rule to include the attorney's fees incurred to determine the dischargeability of the debt. She asserts that it is in the Bankruptcy Court's discretion to award attorney's fees for an attorney who establishes the nondischargeability of a debt under § 523. *In re Galpin*, 66 B.R. 127 (N.D.Ga. 1985). Plaintiff reasons that the determination of the dischargeability of the debt is also so intertwined with the obligation of support that it is in the nature of support or alimony and excepted from discharge. She cites to three cases in support of this position, *In re Galpin, supra, In re Bell*, 61 B.R. 171 (Bkrtcy.S.D.Tex.1986), *In the Matter of Scannell*, 60 B.R. 562 (Bkrtcy.W. D.Wis.1986), and *In re Teter*, 14 B.R. 434 (Bkrtcy.N.D.Tex.1981).

Additionally, Plaintiff argues, Florida Statute § 61.16 gives the court, after considering the financial resources of both parties, discretion to award attorney's fees for the enforcement of the dissolution decree. Since the dischargeability action was an action to enforce the dissolution decree, Fla.Stat. § 61.16 gives the court authority to award attorney's fees.

Plaintiff further asserts that the Bankruptcy Court is the proper forum to seek attorney's fees incurred during this adversary proceeding. She cites to *Florida Federal Savings and Loan Association v. Sanchez*, 553 So.2d 1254 (3rd DCA Fla. 1990), which held that "[i]t was for the bankruptcy court to determine whether appellant was entitled to attorney fees incurred in the bankruptcy proceeding and, if

so, what a reasonable fee should have been."

Plaintiff makes a well reasoned argument. However, the argument ignores the Bankruptcy Court's limited authority to award attorney's fees. Although, the cases cited hold that the Bankruptcy Court does have authority to award attorney's fees, these case have been criticized in other cases. *The Matter of Myers*, 61 B.R. 891 (Bkrtcy.N.D.Ga.1986), *In re Barbre*, 91 B.R. 846 (Bkrtcy.S.D.Ill.1988). In fact, the court in *Myers* declined to follow *Galpin*. In that case, the defendant also requested an award of attorney's fees arising in connection with the adversary proceeding to determine the dischargeability of debts. The Court noted that § 523(d) is the only subsection of § 523 for which attorneys' fees are statutorily provided. That provision allows attorney's fees only in the context of consumer debt under § 523(a)(2). Therefore, the court found it was without authority to award attorney's fees.

*Myers* went on to cite the Eleventh Circuit case, *In re Harrell*, 754 F.2d 902 (11th Cir.1985), which held that the bankruptcy courts have no role in assessing the amount of support owed to an ex-spouse. Following the rationale of *Harrell*, the *Myers* court found that Congress intended each party in an adversary proceeding to bear its own costs of litigation except in cases involving consumer debt. A finding to the contrary would "be intruding on an area in which Congress clearly had not intended the Court to delve." *Myers*, supra, at 896. The court also found that it is in the province of the state court to determine the amount of support owed to an ex-spouse.

In *Harrell*, the debtor had an obligation to pay his ex-spouse $100 per month during her life or until she remarried. He was also required to pay $100 per month to his son until his son became wholly self-supporting, married, or attained the age of 21. Debtor also agreed to pay his son's educational expenses through college and postgraduate school, with his child support payments reduced by one-half during periods he paid educational expenses. Debtor fell

in arrears on these debts and eventually filed bankruptcy. In his bankruptcy, he filed a complaint to determine the dischargeability of his domestic debts. After determining that the debts were in the nature of support, the bankruptcy court "accepted as 'reasonable' debtor's proposed payments of $300 monthly on behalf of his son, but said that the son could seek an increase 'at any time that there is a material change in the debtor's economic circumstances.'" The district court reversed the bankruptcy court with respect to the alimony arrearage and with respect to the $300 monthly amount for post-majority payments. It otherwise affirmed the bankruptcy court, with the net result that debtor's obligations were all held not to be dischargeable. On appeal, the debtor contended that the bankruptcy court should assess a divorced spouses needs and arrive at the precise amount that the spouse would require for support. In response, the Eleventh Circuit, held that the language of § 523(a)(5) "requires bankruptcy courts to determine nothing more than whether the support label accurately reflects that the obligation at issue is 'actually in the nature of alimony, maintenance, or support.'" *Harrell*, at 906. The Court went on to state that "an assessment of the ongoing financial circumstances of the parties to a marital dispute would of necessity embroil federal courts in domestic relations matters which should properly be reserved to the state courts." *Harrell*, at 907. Therefore, there was not a necessity for a determination of the appropriate level of need or support.

In this case, Plaintiff is asking this Court to do the same thing that the debtor in *Harrell* asked the Eleventh Circuit to do. She is asking, through Fla.Stat. § 61.16, that we consider the financial resources of both parties and order the defendant to pay a reasonable attorney's fee that was incurred during this adversary proceeding. The Eleventh Circuit made it clear that we can do no more than determine whether the obligation is in the nature of alimony or support when it declared, "once the bankruptcy court in this case concluded that the alimony payments were 'actually in the na-

ture of alimony,' its task was at an end." Therefore, when this Court entered its summary judgment determining that the debtor's obligation to the plaintiff was nondischargeable, its role was complete. Therefore, we do not have the authority to examine the resources of both parties and determine whether the defendant should pay the plaintiff's attorney's fees.

Additionally, we agree with *Myers*, and decline to follow *Galpin, Bell, Scannell* and *Teter*, that bankruptcy courts are without the authority to award attorney's fees arising in an adversary proceeding to determine the dischargeability of an obligation that is in the nature of alimony or support. Bankruptcy Code § 523(d) permits fees to be awarded only in dischargeability suits regarding consumer debts under § 523(a)(2). The dischargeability issue in this adversary arose under § 523(a)(5), not § 523(a)(2). Further, an award of attorney's fees would be an award constituting support to an ex-spouse. Contrary to the holding of the court in *Sanchez*, and following *Harrell*, it is for the state court to determine whether the attorney's fees incurred in the bankruptcy proceeding entitles the ex-spouse to additional support from the debtor. Accordingly, it is

ORDERED AND ADJUDGED that the plaintiff's motion for assessment of attorney's fees is denied.

DONE AND ORDERED.