RUSSELL, Judge.
The parties were divorced in 1985, and the husband, among other things, was required to be responsible for the “debts and liabilities” on a mobile home and two acres of property to which the wife gave up all right, title, and interest. In 1988 the husband filed a Chapter 7 bankruptcy petition, in which he sought a discharge from the mortgage on the property. The wife filed an adversary proceeding in the United States Bankruptcy Court, contesting the discharge of the debt. That debt was held to be nondischargeable both in the bankruptcy court and on appeal in the United States District Court.
While the appeal was pending in the district court, the wife filed a petition for rule nisi in the trial court, alleging among other things that she had incurred attorney’s fees in the bankruptcy action and requesting that the trial court order that the husband pay the debt and reimburse the wife for attorney’s fees incurred in the bankruptcy proceedings. The trial court refused to hear any of the matters relating to the bankruptcy action until the district court ruled on the dischargeability of the debt in question. The trial court found the husband to be in arrears in child support, ordered that he pay the arrearage, and granted the wife’s attorney an attorney’s fee for the rule nisi action.
Subsequently, the wife again requested that the trial court consider the matters in the original petition for rule nisi. She asserted that the debt had been declared non-dischargeable and requested that the trial court order the husband to pay the debt and to reimburse her for attorney’s fees incurred in the bankruptcy action and in the federal appeal. The trial court ordered the husband to pay the attorney’s fees incurred by the wife in both bankruptcy actions, as well as in the action in the trial court. The trial court also found that the husband was in arrears in child support payments and that he did not comply with the previous decree to pay medical expenses and ordered him to pay those items.
The husband appeals from this order of the trial court. His only contention is that the trial court erred in ordering that he reimburse the wife for attorney’s fees that she incurred in the bankruptcy proceedings because, he claims, that action was barred by the doctrine of res judicata. We disagree and affirm.
The husband argues that the claim for attorney’s fees is res judicata because, even though it was not litigated in the federal courts, it should have been raised there. As authority for an allowance of such attorney’s fees in the federal courts, he cites In re Teter, 14 B.R. 434 (Bankr.N.D.Texas 1981). Teter also involved the determination of the discharge-ability of an obligation of the husband which accrued to the benefit of the wife. In determining whether attorney’s fees should be properly allowed in favor of the wife, the bankruptcy court in Teter held that state law should control and that Texas law allowed the attorney’s fees under a state statute which provided that suits founded on oral or written contracts may result in the award of a reasonable amount of attorney’s fees; therefore, the bankruptcy court allowed a reasonable attorney’s fee. The husband claims that the same situation exists in Alabama and that such a fee is allowed under state law in domestic cases and, therefore, should have been requested in the federal bankruptcy courts. Since he claims that attorney’s fees could have been requested, he reasons under the authority of Savage v. Savage, 246 Ala. *758 389, 20 So.2d 784 (1945), that the issue was res judicata.
Section 30-2-54, Ala.Code (1975), provides as follows:
“In all actions for divorce or for the recovery of alimony, maintenance or support in which a judgment of divorce has been issued or is pending and a contempt of court citation has been made by the court against either party, the court may, of its discretion, upon application therefor, award a reasonable sum as fees or compensation of the attorney or attorneys representing both parties.”
Construction of this statute is that attorney’s fees in enforcement proceedings may not be awarded without a contempt citation being made. McLeod v. McLeod, 544 So.2d 175 (Ala.Civ.App.1989); Grissett v. Grissett, 447 So.2d 760 (Ala.Civ.App. 1984). In the instant case no contempt citation was issued, and there is no authority otherwise in this state in a domestic enforcement proceeding to grant attorney’s fees. Therefore, we find that, absent a contempt citation and authority otherwise, the husband’s contention that Teter controls here is without merit and that his theory that the grant of attorney’s fees was barred by res judicata must fail.
Since this is the only argument raised by the husband, we will not consider under any other theory the trial court’s authority to grant attorney’s fees in the rule nisi action, as well as in the bankruptcy action. Based on the above, this case is affirmed.
The wife has requested an attorney’s fee for representation on appeal, and that request is granted in the amount of $500. She has also requested damages and double costs for a frivolous appeal pursuant to Rule 38, Alabama Rules of Appellate Procedure. That request is denied.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.