**In re Bill N. COLBERT, Debtor.**

**Bill N. COLBERT, Plaintiff,**

**v.**

**Rachel Nadine Crick COLBERT, Defendant.**

Bankruptcy No. 94–08072–AT3–7. Adv. No. 394–0446A.

United States Bankruptcy Court, M.D. Tennessee.

Aug. 11, 1995.

248

Andrew D. Dunn, Nashville, TN, for debtor/plaintiff.

John J. Hollins, Jr., Nashville, TN, Margaret L. Behm, Nashville, TN, for defendant.

## MEMORANDUM

ALETA ARTHUR TRAUGER,
Bankruptcy Judge.

This matter was tried on June 8, 1995, at which time the court held that certain obligations imposed upon the debtor in his divorce decree were nondischargeable pursuant to 11 U.S.C. §§ 523(a)(5) and (a)(15). The court reserved for further briefing the question of whether defendant was entitled to an award of attorney fees incurred by her in this proceeding pursuant to T.C.A. § 36–5–103(c). The court now holds that it does not have the authority to award fees to the prevailing defendant in this action. The following constitute findings of fact and conclusions of law. Fed.R.Bankr.P. 7052.

Defendant bases her claim to fees upon T.C.A. § 36–5–103(c), which provides in pertinent part:

> The plaintiff spouse may recover from the defendant spouse ... reasonable attorney fees incurred in enforcing any decree for alimony and/or child support ... both upon the original divorce hearing and at

any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

Defendant argues that she is entitled to her fees incurred in defending this dischargeability action because the fees were incurred in "enforcing a decree for alimony" in a "subsequent hearing," as contemplated by the statute.

 The Bankruptcy Code does not specifically authorize fee awards to prevailing creditors in § 523 actions. The general rule is that, absent a federal statute or enforceable contract providing for fees, each party must bear his or her own attorney fees. *Alyeska Pipeline Service v. Wilderness Society,* 421 U.S. 240, 257, 95 S.Ct. 1612, 1621, 44 L.Ed.2d 141 (1975). The only authorization for fees in dischargeability actions appears in § 523(d), which permits fees to prevailing debtors in § 523(a)(2) actions on consumer debts, where the creditor's position was not substantially justified. Under the well-established principle of statutory interpretation *expressio unius est exclusio alterius,*[1] the inclusion of § 523(d) indicates a congressional intent that each party bear his or her own litigation costs in all other dischargeability actions. *See Matter of Myers,* 61 B.R. 891, 896 (Bankr.N.D.Ga.1986).

Defendant argues that *In re Martin,* 761 F.2d 1163 (6th Cir.1985), authorizes payment of her fees in this case. In *Martin,* a § 523(a)(2) case, the Sixth Circuit held that a contractual right to attorney fees in a promissory note provided a basis for awarding fees, despite the lack of specific Code authority therefor. The court reasoned that the attorney fees were part of the underlying debt, the whole of which was excepted from discharge under § 523(a)(2)(B). *Id.* at 1168. The court further noted, however, that "[p]revailing creditors still have no statutory right to attorney's fees, and if they have a contractual right, it must be assumed that they gave value for that right at the time credit was advanced." *Id.*

---

1. "The expression of one thing is to the exclusion of the other." *See In re Michigan–Wisconsin Transportation Co.,* 161 B.R. 628, 635 (Bankr. W.D.Mich.1993). This principle has been specifically recognized by the Supreme Court. *See, e.g., Tennessee Valley Authority v. Hill,* 437 U.S. 153, 188, 98 S.Ct. 2279, 2298, 57 L.Ed.2d 117 (1978); *National Railroad Passenger Corp. v. National Association of Railroad Passengers,* 414 U.S. 453, 458, 94 S.Ct. 690, 693, 38 L.Ed.2d 646 (1974).

This court finds that *Martin* is inapplicable in the instant case. The basis for awarding fees in that case was a contractual right, which the Supreme Court specifically recognized as an exception to the general rule. *See Alyeska Pipeline*, 421 U.S. at 257, 95 S.Ct. at 1621. In this case, there is no contractual right to fees, only a state statutory right. Defendant asserts that the state statute is comparable to a contractual right under *Martin*, but this ignores the elements of bargaining and giving value to which the *Martin* court gave special weight. The court therefore declines to extend the *Martin* holding to include state fee award statutes.

Defendant also relies on *In re Scannell*, 60 B.R. 562 (Bankr.W.D.Wis.1986), to overcome the lack of Code authority for fees. The *Scannell* court analogized § 523 actions to federal diversity cases, in which the rule is that "so long as no federal law expressly prohibits fees, a state law creating a right to attorney fees, which reflects a substantial state policy, should be followed." *Id.* at 567 (citing *Sioux County v. National Surety Co.*, 276 U.S. 238, 241–44, 48 S.Ct. 239, 239–41, 72 L.Ed. 547 (1928)). The court found that a state statute permitting attorney fees in "actions affecting the family" reflected an established state policy and there was no federal prohibition on fees, so an award of fees was appropriate. *Id.*

This court declines to follow the *Scannell* court's reasoning. Unlike federal diversity cases, where state law controls the substantive aspects of the decision, a dischargeability action is a unique creation of federal bankruptcy law. *In re Barbre*, 91 B.R. 846, 848 (Bankr.S.D.Ill.1988). The Supreme Court has specifically recognized this distinction, contrasting the general federal rule of no fees in the absence of contractual or federal statutory authority with the "very different situation" presented by diversity cases. *Alyeska Pipeline*, 421 U.S. at 259 n. 31, 95 S.Ct. at 1623 n. 31 (citing, *inter alia*, *Sioux County, supra*). *Scannell* is therefore unpersuasive to this court.

The court likewise declines to follow *In re Teter*, 14 B.R. 434 (Bankr.N.D.Tex.1981), relied upon by defendant. *Teter* involved a marital dissolution agreement executed by the parties and a state statute providing for fees in "suits founded on oral or written contracts." *Id.* at 437. The Colbert divorce was contested. Therefore, there was no settlement agreement and no state statute which might grant fees based on the contractual nature of such an agreement. Further, the *Teter* court based its decision primarily on cases holding that attorney fees awarded by the state court in a divorce proceeding are nondischargeable support. The court extrapolated from those cases a general policy that, when the underlying liability is created by state law, "state law should control" on the issue of attorney fees as well. *Id.* The court did not cite any other authority, nor did it even attempt to deal with the lack of Code authorization for such fees. This court, therefore, finds *Teter* unpersuasive.

■ Aside from the lack of Code authority, a bankruptcy court is simply not the proper court to make an award of attorney fees in this type of case. As defendant acknowledges, Tennessee law has long treated an award of attorney fees related to a divorce action as alimony. *See Raskind v. Raskind*, 45 Tenn.App. 583, 325 S.W.2d 617, 625 (1959); *Humphreys v. Humphreys*, 39 Tenn. App. 99, 281 S.W.2d 270, 282 (1954); *see also In re Paulson*, 27 B.R. 330, 333 (Bankr. W.D.Tenn.1983) (fees awarded by state court for post-divorce, pre-bankruptcy enforcement action were in the nature of support). The right to fees is not absolute, but "is conditioned upon [the spouse's] lack of resources to prosecute or defend a suit in good faith." *Fox v. Fox*, 657 S.W.2d 747, 749 (Tenn.1983).

■ Because the award of fees is thus "uniquely related to state court support determinations," the decision as to whether such an award is appropriate and, if so, the amount of the award, should be left to the state court. *Barbre*, 91 B.R. at 849. While the bankruptcy court determines whether an obligation imposed initially by the state court is dischargeable, the bankruptcy court is simply not authorized to award support in the first instance. *See id.; In re Shearer*, 124 B.R. 862, 864 (Bankr.N.D.Fla.1990); *Matter of Myers*, 61 B.R. 891 (Bankr.N.D.Ga.1986); *In re Lathouwers*, 54 B.R. 205 (Bankr. D.Colo.1985); *see also In re Calhoun*, 715 F.2d 1103, 1107 (6th Cir.1983) ("[t]he federal bankruptcy courts are obviously not empowered to create an obligation to support where it did not previously exist").

Defendant argues that this reasoning is inapplicable in the Sixth Circuit because *Calhoun* authorizes the bankruptcy court to "determine support" by inquiring into the "present needs" of the nondebtor spouse and the reasonableness of the award amount.[2] Further, defendant asserts, after the 1994 amendments to § 523, bankruptcy courts in all circuits are authorized to award support based on the new § 523(a)(15), which permits the bankruptcy court to determine the debtor's ability to pay and balance the benefit to the debtor against the detriment to the nondebtor spouse.[3]

While these authorities do permit some inquiry into the parties' current financial circumstances, they do not authorize an increase in the underlying support award itself. *Calhoun* specifically recognizes that "[d]ivorce, alimony, support and maintenance are issues within the exclusive domain of the state courts." 715 F.2d at 1107. The inquiries contemplated by *Calhoun* and § 523(a)(15) are simply to determine what portion of the award already made in state court is nondischargeable, not to award additional support or create new, nondischargeable debt. If defendant needs additional support due to the financial burdens of this litigation, she may seek modification of her divorce decree in the state court. *See In re Beattie*, 150 B.R. 699, 704 (Bankr.S.D.Ill. 1993); *Barbre*, 91 B.R. at 849; *Myers*, 61

B.R. at 896; *Fortner v. Fortner*, 631 So.2d 327 (Fla.Ct.App.1994).

For all of the above reasons, the court concludes that it is not authorized to award attorney fees to the defendant in this case. Any award of attorney fees must come from the state court.[4]

---

2. *Calhoun* employed a four part test to determine whether obligations to assume marital debts which were not specifically denominated as alimony or support in the divorce decree or settlement agreement were actually support for purposes of § 523(a)(5): The court must determine:
 1) whether the state court or the parties to a settlement agreement intended to create a support obligation;
 2) whether the debt assumption has the actual effect of providing necessary support;
 3) whether the amount of support is "not so excessive that it is manifestly unreasonable under traditional concepts of support; and
 4) if the amount is unreasonable, what portion should be nondischargeable.
715 F.2d at 1109–10. The Sixth Circuit has subsequently stated that the second element, the so-called "present needs" test, "has been applied more broadly than intended," and emphasized that "Calhoun was not intended to intrude into the states' traditional authority over domestic relations...." *In re Fitzgerald*, 9 F.3d 517, 520–21 (6th Cir.1993).

3. Section 523(a)(15) excludes from discharge any debt not covered by 523(a)(5) which was incurred in a divorce or separation, unless—
 (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor ...; or
 (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

4. The state court has concurrent jurisdiction with the bankruptcy court to determine questions of nondischargeability under § 523(a)(5). *In re Hohenberg*, 143 B.R. 480, 483 (Bankr.W.D.Tenn. 1992). Thus, if the state court decides to award attorney fees to defendant under T.C.A. § 36–5–103(c), it may also rule on the dischargeability of those fees and save the parties a potential return to this court for that determination.