Michael S. APPLING, Appellant,

v.

Emily Frances REES, Appellee.

Civ. No. 2:95–cv–54–WCO.

United States District Court,
N.D. Georgia,
Gainesville Division.

Sept. 18, 1995.

J. Michael Lamberth, Lamberth, Bonapfel, Cifelli, Wilson & Stokes, Atlanta, GA, for Appellant.

Marilyn Sue Bright, Atlanta, GA, for Appellee.

## ORDER

O'KELLEY, District Judge.

The captioned case is before the court for consideration of an appeal from a judgment entered by the United States Bankruptcy Court for the Northern District of Georgia [0–0].

## ISSUE

The issue before the court is whether the bankruptcy court erred in ruling that a jury award which requires appellant to pay appellee $3,000.00 per month for 84 months is in the nature of alimony, maintenance or support, and thus is nondischargeable pursuant to 11 U.S.C. § 523(a)(5).

## JURISDICTION AND STANDARDS OF REVIEW

Title 28 of the United States Code provides:

The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees ... of bankruptcy judges entered in cases and proceedings referred to bankruptcy judges under section 157 of this title.

28 U.S.C. § 158(a). "In reviewing bankruptcy court judgments, a district court functions as an appellate court. It reviews the bankruptcy court's legal conclusions *de novo* ... but must accept the bankruptcy court's factual findings unless they are clearly erroneous." *In re JLJ Inc.*, 988 F.2d 1112, 1116 (11th Cir.1993) (citations omitted). "[T]he district court ... may [not] make independent factual findings. If the bankruptcy court is silent or ambiguous as to an outcome determinative factual question, the case must be remanded to the bankruptcy court for the necessary factual findings." *Id.; see also Matter of T & B General Contracting, Inc.*, 833 F.2d 1455, 1459 (11th Cir.1987); *In re Greenbrook Carpet Co.*, 722 F.2d 659 (11th Cir.1984). In light of these procedural and evidentiary standards, the court can proceed to address the specific facts and issues presented by this case.

## FACTS

Appellant and appellee were married on May 22, 1985. On December 9, 1992, after a jury trial, the Superior Court of Gwinnett County, Georgia entered a Final Judgment and Decree in which the parties were granted a divorce. The provisions of the decree also fixed and adjusted the parties' rights and obligations, and the court incorporated therein the jury's verdict regarding property division and alimony. The jury verdict provides, in relevant part:

We award alimony to the Plaintiff [appellee herein] as follows: $3,000.00 per month for 84 months which payments shall not terminate upon remarriage or death.

The trial judge restated this award in Paragraph 6 of the decree:

Defendant [appellant herein] shall pay to Plaintiff [appellee herein] periodic alimony for her support and maintenance in the sum of $3,000.00 per month beginning on the first day of December, 1992, and continuing thereafter on the first day of each month until 84 such equal monthly payments in the amount of $3,000.00 each have been made. The foregoing payments shall not terminate upon the death or remarriage of Plaintiff [appellee herein].

Appellant was awarded his interest in Apple Printing and Apple Industries, Inc., a printing business which he had formed. Before the divorce, appellee worked for her husband's printing business. At trial, appellee's expert witness, an Emory Business School professor, referred to the value of a one-half interest in the printing business as equivalent to an 84 month pay out term at $3,000.00 per month. (R. at 18–19).

At trial, evidence was introduced regarding appellant's previous bankruptcy, in which he received a discharge. (R. at 86–87). Appellee's counsel argued to the jury that the award of the one-half interest in the printing business should be made alimony to avoid a bankruptcy against the obligation. (Appling Aff. ¶ 18).

Appellant commenced this proceeding by filing a complaint seeking to determine the dischargeability of a debt, alleging that his obligation to pay appellee $3,000 per month for 84 months is a dischargeable property settlement. Appellee alleges that the debt is in the nature of alimony, support or maintenance, and thus is nondischargeable.

This action was decided by the bankruptcy court on competing motions for summary judgment. The bankruptcy court entered its order and separate judgment on March 1, 1995, granting appellee's motion for summary judgment and denying appellant's motion for summary judgment. The bankruptcy court determined that the jury award was in the nature of alimony, support or maintenance and therefore is nondischargeable.

## LEGAL ANALYSIS

Section 523(a)(5) of the Bankruptcy Code provides that a liability designated as alimony, maintenance or support may not be discharged if such liability is "actually in the nature of alimony, maintenance or support." 11 U.S.C. § 523(a)(5). Because dischargeability is favored under the Bankruptcy Code, appellee has the burden of proof in

demonstrating that the obligation at issue is actually in the nature of alimony, maintenance or support. *See Tilley v. Jessee,* 789 F.2d 1074, 1077 (4th Cir.1986). Federal rather than state law is applied in determining the nature of the obligation and its dischargeability. *In re Harrell,* 754 F.2d 902, 905 (11th Cir.1985).

To determine if a jury award is in the nature of alimony, maintenance or support, the court must assess whether the jury intended the award to serve as a spousal support obligation or as a property settlement. *In re Myers,* 61 B.R. 891, 894 (Bankr. N.D.Ga.1986). The use of the term "alimony" is not determinative of whether the disputed obligation constitutes nondischargeable alimony. *Usher v. Usher,* 442 F.Supp. 866, 868 (N.D.Ga.1977); *Myers,* 61 B.R. at 894. In the instant case, appellee's attorney asked the jury to denominate the one-half interest in the printing business as alimony in order to prevent a discharge of the obligation in bankruptcy. The jury was aware that appellant had previously been discharged from indebtedness through bankruptcy. Moreover, the amount awarded by the jury, $3,000.00 per month for 84 months, is an amount which appellee's expert stated to be equivalent to the value of a one-half interest in the printing business. The jury provided that the payments would continue in the event of remarriage or death of appellee. Thus, it is clear that the jury intended the award to serve as a property settlement; therefore, appellant's obligation is dischargeable.

## CONCLUSION

For the foregoing reasons, the judgment of the bankruptcy court is hereby REVERSED [0–0]. The case is hereby REMANDED to the bankruptcy court for action consistent with this order.

IT IS SO ORDERED.