In re Thomas BOFFEY, Louise Boffey & Margaret Boffey, Debtors.

Bankruptcy No. 80–00855–BKC–TCB.

United States Bankruptcy Court, S. D. Florida.

Aug. 11, 1981.

Raymond B. Ray, Fort Lauderdale, Fla., for P. L. & G. Enterprises, Inc.

William Layton, West Palm Beach, Fla., for second mortgagee.

Daniel L. Bakst, West Palm Beach, Fla., for trustee.

Sam Costa, Jr., Boca Raton, Fla., for buyers of real property.

Richard W. Smith, Fort Lauderdale, Fla., Robert C. Furr, Boca Raton, Fla., co-counsel, for debtors.

## ORDER ON MORTGAGEE'S APPLICATION FOR ADDITIONAL ATTORNEY'S FEE

THOMAS C. BRITTON, Bankruptcy Judge.

The debtor's principal asset was certain commercial property. The property has been liquidated by the trustee. It was encumbered by various liens, including a second mortgage of $180,000. The mortgage note provides for the reasonable costs of collection including attorney's fees. This creditor's attorney, William Layton received an award of $10,000 for his services in the enforcement of this lien in a State court proceeding before bankruptcy. The foreclosure was interrupted by bankruptcy. He now seeks an additional $5,000 for his services during bankruptcy. That sum of money has been escrowed by the trustee from the sale proceeds pending determination of this application.

The application, which was opposed, was heard on August 4. Although no time records were kept, it was agreed that counsel spent 50 hours in this representation, and that his customary billing rate for services of this nature was from $100 to $120 per hour during this period. From the date of the bankruptcy petition until the sale of the property covered an interval of six months during most of which the case was in chapter 11. A plan was ultimately presented and confirmation was denied. Much of counsel's time was spent in following the proceedings, including about 20 hours in attendance at various hearings relating to the plan.

The creditor never filed an adversary proceeding nor formally sought any other re-lief in this case. Its recovery of its lien was never in doubt. Counsel did produce evidence bearing upon the feasibility of the debtor's plan which furnished one of the bases for denial of confirmation. Other parties also resisted confirmation.

 I agree with the objector that this representation did not reasonably require the services of this highly qualified attorney. This was work for a junior associate. It is probable that at least one-third of the time devoted to this matter was spent in attendance awaiting the call of this particular matter. When one is over-qualified for a task, he cannot expect the same compensation he receives for services that require his special skill, particularly when the attorney is to be paid, not by his client, but by someone else who has no control over those services. I find that a reasonable fee for the services rendered on behalf of this mortgagee since bankruptcy in this court is $3,000.