In re Amile A. KORANGY, Parvane S. Korangy d/b/a P.A.K. Associates, Debtors.

**Bankruptcy No. 85–A–2277PM.**

United States Bankruptcy Court, D. Maryland, at Rockville.

Sept. 22, 1989.

Nelson C. Cohen, Baltimore, Md., for debtors in possession.

## MEMORANDUM OF DECISION

(Motion to Determine Entitlement to All Fees and Expenses Awarded by the Florida Courts)

PAUL MANNES, Chief Judge.

Before the court is the debtors' motion (Docket Entry 253) for a determination of the attorney's fees and costs to which Great Western Savings ("Great Western") is reasonably entitled. The Official Creditors' Committee supports the motion (Docket Entry 284), and the affected secured creditor, Great Western Savings, opposes the motion (Docket Entry 277, et al.). The matter was set for hearing on December 6, 1988. Debtors filed a motion for continuance of that hearing, which Great Western opposed and the court denied. The hearing took place as scheduled, and the court reserved decision and requested and received supplemental memoranda.

## BACKGROUND

At issue is the finality of determinations made by Florida state courts regarding attorney fees incurred by Great Western in foreclosing on property said to belong to debtors. This court, on May 22, 1986, modified the stay of 11 U.S.C. § 362(a) to allow Great Western to continue a mortgage foreclosure action then pending in the Circuit Court of the 19th Judicial Circuit of Florida in and for Indian River County, through the point of obtaining a final judgment and in pursuing any post-trial motions or appeals therefrom. Likewise, the court modified the stay as to Max D. Puyanic, et al., to allow another foreclosure action to proceed in the same Florida state court. This court further ordered that there would be no actual foreclosure sale or other actions to satisfy the liens on the subject property until such time as a further order of court. Such an order was passed on November 17, 1987, as to a portion of the subject property.

Debtors sold another portion of the property to J.T. Snipes pursuant to an order of

Susan J. Klein and Richard Kremen, Baltimore, Md., for Great Western Savings.

Philip J. McNutt, Bethesda, for Official Unsecured Creditors Committee.

this court of May 12, 1988 (Docket Entry 213). The order provided in pertinent part:

ORDERED, that from the proceeds of sale there shall be disbursed, at settlement, to the holders of secured claims, all amounts evidenced or authorized by final judgment or Order of the Circuit Court for Indian River County; and there also shall be disbursed, at settlement, all other principal, accrued interest, real estate taxes and advances for real estate taxes, which amounts are not the subject of a bona fide dispute.

No appeal was taken from this order. The sale produced a sum substantially in excess of the amount due the holders of secured claims. Great Western was therefore the holder of an oversecured claim. *U.S. v. Ron Pair Enterprises, Inc.*, —— U.S. ——, 109 S.Ct. 1026, 1029–30, 103 L.Ed.2d 290 (1989).

This case is governed by 11 U.S.C. § 506(b):

**§ 506. Determination of secured status.**

(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

As the Supreme Court pointed out in the *Ron Pair* decision, a case involving the allowance of post-petition interest on non-consensual oversecured prepetition claims:

The relevant phrase in § 506(b) is: "there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose." "Such claim" refers to an oversecured claim. The natural reading of the phrase entitles the holder of an oversecured claim to post-petition interest and, in addition, gives one having a secured claim created pursuant to an agreement the right to reasonable fees, costs, and charges provided

for in that agreement. Recovery of post-petition interest is unqualified. Recovery of fees, costs, and charges, however, is allowed only if they are reasonable and provided for in the agreement under which the claim arose. Therefore, in the absence of an agreement, postpetition interest is the only added recovery available.

109 S.Ct. at 1030.

Great Western's claim to attorney fees arises from a provision in a $2,600,000 promissory note dated October 7, 1983, given to Great Western by the Beach Bank of Vero Beach as trustee for debtors and affiliated entities. That provision states:

COLLECTION COSTS. The Obligors jointly and severally, promise and agree to pay, all costs and expenses of collection and reasonable attorneys' fees, including costs, expenses and reasonable attorneys' fees on appeal, if collected by foreclosure, other legal proceedings or through an attorney at law or if incurred to protect or sustain the lien of the Mortgage or any other instrument securing this Note. The Obligors agree that reasonable attorneys' fees shall be equal to ten (10%) percent of the principal amount evidenced hereby or such greater amount as a court shall adjudicate as being reasonable; it is the intention of the Association and the Obligors that the Association shall be entitled to such greater amount if such ten (10%) percent figure shall not be sufficient to reimburse the Association for reasonable attorneys' fees.

In its November 3, 1986, Corrected Final Judgment of Foreclosure, the Florida court awarded Great Western $160,750 as reasonable attorney fees and $13,569.48 in expenses for Florida counsel. The court expressly declined to address the attorney fees of Great Western's Maryland bankruptcy counsel. Debtors appealed the judgment, and the District Court of Appeal of the State of Florida for the Fourth Circuit affirmed the judgment *per curiam* on March 9, 1988.

Great Western moved for additional attorney fees in the Indian River County

Circuit Court in May 1988. On May 27, 1988—subsequent to this court's order allowing the sale to J.T. Snipes but before settlement—the Florida court awarded Great Western's Florida counsel $62,897.27 in reasonable attorney fees and expenses. Inconsistent with its earlier ruling, the court also awarded Great Western's Maryland bankruptcy counsel $126,171.47 in reasonable attorney fees and expenses. At settlement, debtors paid Great Western $361,288.12 in attorney fees, a sum greatly exceeding 10% of the promissory note principal but, nevertheless, adjudicated to be reasonable. Subsequent to settlement, Great Western claims an additional $16,000 in attorney fees.

Debtors did not appeal the May 27, 1988, Florida court order. Instead debtors present the instant motion asserting that this court has exclusive jurisdiction to determine the reasonableness of attorney fees claimed pursuant to § 506(b). Great Western argues that the Florida decisions are *res judicata* as to the issue of the reasonableness of the fees as well as to the claim that reasonableness determinations are the bankruptcy court's exclusive province.

### DISCUSSION

Neither the Supreme Court nor the Fourth Circuit has addressed whether § 506(b) preempts state law determinations regarding the reasonableness of attorney fees. However, in *Unsecured Creditors' Committee v. Walter F. Heller & Co. Southeast,* 768 F.2d 580, 585 (4th Cir.1985), the Fourth Circuit held that, "in rejecting the House version of § 506(b), Congress intended to abrogate the pre-existing requirement that attorney's fee agreements were enforceable only in accordance with state law. Such agreements are now enforceable notwithstanding contrary law." The court reached this conclusion after exhausively examining the legislative history of § 505(b). Although addressing only the enforceability of attorney fee agreements rather than the reasonableness of fees, the *Heller* court found that Congress intended a change in existing law.

The Ninth and Fifth Circuits have held that § 506(b) preempts state law in determining the reasonableness of attorney fees. *In re Hudson Shipbuilders, Inc.,* 794 F.2d 1051 (5th Cir.1986); *In re 268 Ltd.,* 789 F.2d 674 (9th Cir.1986). The *268* court squarely faced the preemption issue and concluded that a bankruptcy court must independently determine the reasonableness of attorney fees. The *268* court examined the legislative history, much as the *Heller* court had, and stated, "To give § 506(b)'s limitation meaning, we must read it to provide for an *ex post* reasonableness determination by the bankruptcy court." 789 F.2d at 676. The Fifth Circuit in *Hudson Shipbuilding* followed the reasoning of the Ninth and Fourth Circuits to find that § 506(b) preempts state law.

This court agrees. Section 506(b) requires the bankruptcy court to assess the reasonableness of fees under an attorney fee agreement. Section 506(b) is not alone in mandating the bankruptcy court to make such an assessment; 28 U.S.C. § 157(b)(2) makes the assessment a core proceeding. Preservation of creditor priority is an axiom of bankruptcy policy. *E.g., In re Quanta Resources Corp.,* 739 F.2d 912, 915 (3d Cir.1984), *affirmed, Midlantic Nat'l. Bank v. New Jersey Dept. of Envtl. Protection,* 474 U.S. 494, 106 S.Ct. 755, 88 L.Ed.2d 859 (1986). Oversight by the bankruptcy court to ensure fairness to all creditors is a corollary to that principle. Where a secured creditor has filed a proof of claim, as Great Western has done here, the creditor's claim for attorney fees is properly before the bankruptcy court. *Hudson Shipbuilders,* 794 F.2d at 1055. Reasonableness of fees must be assessed by federal rather than state standards. *E.g., In re Wonder Corp. of America,* 82 B.R. 186 (D.Conn.1988).

This case presents a further issue as to the *res judicata* effects on this court of the Florida court's determinations regarding reasonableness. By modifying the stay on May 22, 1986, and allowing the sale to J.T. Snipes on May 12, 1988, this court did not abdicate its jurisdiction to the Florida courts. The Florida court recognized as

much by refusing to award fees to Great Western's Maryland bankruptcy counsel in its Corrected Final Judgment of Foreclosure. This court believes that any award of attorney fees was not necessary to the foreclosure judgment, and thus the award is not *res judicata.* *See generally,* 18 Wright, Miller & Cooper, *Federal Practice and Procedure* § 4421 (1981). However, this court need not reach that point since the exclusive federal jurisdiction under § 506(b) prevents any preclusive effect on this court by the Florida court's decisions. 18 Wright, Miller & Cooper, *Federal Practice and Procedure* § 4470 (1981).

In *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985), which involved an antitrust claim, the Supreme Court directly addressed the preclusive effect of state court judgments on claims within exclusive federal jurisdiction. The preclusion argument is founded on 28 U.S.C. § 1738 granting state court judgments full faith and credit in federal courts. The *Marrese* court provided the following approach to § 1738:

> More generally, *Kremer* [*v. Chemical Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982)] indicates that § 1738 requires a federal court to look first to state preclusion law in determining the preclusive effects of a state court judgment. *Cf. Haring v. Prosis,* 462 U.S. 306, 324, and n. 8, 103 S.Ct. 2368, 2373, and n. 8, 76 L.Ed.2d 595 (1983); Smith, Full Faith and Credit and Section 1983: A Reappraisal, 63 N.C.L. Rev. 59, 110–111 (1984). The Court's analysis in *Kremer* began with the finding that state law would in fact bar relitigation of the discrimination issue decided in the earlier state proceedings. 456 U.S., at 466–467, 102 S.Ct., at 1889–1890. That finding implied that the plaintiff could not relitigate the same issue in federal court unless some exception to § 1738 applied. *Ibid. Kremer* observed that "an exception to § 1738 will not be recognized unless a later statute contains an express or implied repeal." *Id.,* at 468, 102 S.Ct., at 1890; see also *Allen v. McCurry, supra,* 449 U.S., at 99, 101

S.Ct., at 417. Title VII does not expressly repeal § 1738, and the Court concluded that the statutory provisions and legislative history do not support a finding of implied repeal. 456 U.S., at 476, 102 S.Ct., at 1894. We conclude that the basic approach adopted in *Kremer* applies in a lawsuit involving a claim within the exclusive jurisdiction of the federal courts.

■ Assuming that the Florida court's determination of reasonableness would bar relitigation of that issue in Florida, § 506(b) impliedly excepts reasonableness determinations from § 1738. Its legislative history reveals that Congress consciously intended to abrogate the applicability of state law to § 506(b). *Hudson Shipbuilders,* 794 F.2d at 1056–57; *268,* 789 F.2d 676–77; *Heller,* 768 F.2d at 585. Thus § 506(b) constitutes a repeal of § 1738, and the Florida court judgments do not preclude this court from determining the reasonableness of Great Western's attorney fees.

The court is somewhat troubled by two aspects of this case: first, that Great Western did not initially apply to this court for allowance of its attorney fees; and, second, that the debtors contested the issue and appealed the circuit court judgment. Lurking in Great Western's opposition is a suggestion of waiver on debtors' part. A waiver argument finds support in the Fourth Circuit's opinion in *Nash County Bd. of Educ. v. Biltmore Co.,* 640 F.2d 484, 492–93 (4th Cir.1981), *cert. denied* 454 U.S. 878, 102 S.Ct. 359, 70 L.Ed.2d 188. However, the *Biltmore* court indicated that the waiver doctrine is relevant only where the plaintiff in the state court action is also plaintiff in the federal court action. Here, debtors defended their position in the Florida courts and have taken the offensive through the present motion. Notwithstanding the appeal, the Florida state court was Great Western's chosen forum, not debtors'. The court can only account for the appeal as a consequence of debtors' unique capacity to draw litigation like sugar does flies.

The court, therefore, will grant debtors' motion to determine the attorney fees to which Great Western is reasonably entitled. However, the court cannot determine the amount because of the unusual posture of this matter. Great Western has not applied to this court for an award of attorney fees. Instead, Great Western sidestepped this court and applied to the Florida court, which awarded attorney fees and costs, and debtor paid the adjudged sum at settlement. Fees improperly obtained from the estate are subject to disgorgement. Thus, the court will direct Great Western to provide the court with documentation of its attorney fees and expenses. The court will then set a date to hear objections, if any are filed.

An order will be entered in accordance with the foregoing.