553 So.2d 1254 (1989)
FLORIDA FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant,
v.
Gilbert J. SANCHEZ, Ibis M. Sanchez and American General Finance, Inc., Appellees.
No. 89-1683.
District Court of Appeal of Florida, Third District.
November 7, 1989.
Rehearing Denied January 10, 1990.
Greene & Mastry, and Stephen C. Chumbris, for appellant.
Howard W. Mazloff, for appellees Gilbert J. Sanchez and Ibis M. Sanchez.
Norman S. Pallot, for appellee American General Finance, Inc.
Before NESBITT, LEVY and GERSTEN, JJ.
GERSTEN, Judge.
Appellant, Florida Federal Savings and Loan Association, appeals an order, denying attorney fees incurred in a separate bankruptcy proceeding, entered after a final summary judgment of foreclosure. We affirm.
Appellant held a first mortgage on property owned by appellees, Gilbert and Ibis Sanchez (Sanchezes). This mortgage contained a clause providing appellant with reasonable attorney fees should the Sanchezes fail "to perform the covenants and agreements" in the mortgage, or should appellant's interest be materially affected by "any action or proceeding commenced," including insolvency. The Sanchezes defaulted *1255 on the mortgage and appellant subsequently brought suit for foreclosure.
In August 1985, appellant was granted a final summary judgment of foreclosure on the Sanchezes' property. In the judgment, the court retained jurisdiction "for the entry of such further Orders as are necessary."
On the same day the summary judgment of foreclosure was entered, the Sanchezes filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code. In January 1989, upon recommendation of the trustee in bankruptcy and on appellant's motion to dismiss, the bankruptcy court entered an order dismissing the petition.
In March 1989, appellant moved to amend the final summary judgment of foreclosure. The appellant sought to amend the amounts due under the principal loan and the interest accrued through March of 1989. The appellant also sought to amend the judgment of foreclosure by adding attorney fees and costs incurred by the appellant in the bankruptcy proceeding.
The appellees, Gilbert and Ibis Sanchez, and the appellee American General Finance, Inc., which held a second mortgage on the property, opposed only the latter portion of appellant's motion which sought attorney fees and costs incurred in the separate bankruptcy action. Following a hearing on the motion to amend, the trial court entered an order granting the revised sums due. The court then denied attorney fees and costs, on the ground that the court lacked authority to grant attorney fees for services rendered in another court.
The appellant now contends that the trial court erred, as a matter of law, in holding that it lacked authority to amend the final judgment of foreclosure to include attorney fees incurred in the bankruptcy action. In support, the appellant relies on Canakaris v. Hammond, 455 So.2d 486 (Fla.5th DCA 1984).
In Canakaris, a mortgagee sought to amend a state court's final judgment of foreclosure to include attorney fees and costs incurred in a bankruptcy action. The mortgagors paid all sums due under the judgment, plus interest accrued to date, into the registry of the court, and moved for an order satisfying the judgment, on the ground that the payment into the court's registry divested the court of further jurisdiction. The court denied the mortgagors' motion for satisfaction. The mortgagors sought a writ of mandamus from the Fifth District Court of Appeal. The Fifth District, in denying the writ, expressly stated that it held no opinion on the merits of the attorney fees issue. The Fifth District merely held that the trial court did indeed have jurisdiction to act on the mortgagee's motion to amend, even though the mortgagors had paid the sums due into the court's registry.
The appellant's argument that Canakaris is squarely on point is without merit. Appellant asserts that Canakaris mandates an award of attorney fees because the trial court retained jurisdiction "for the entry of such further Orders as are necessary." Appellant seems to suggest that the trial court's reservation of jurisdiction means that if there is another action, anywhere, concerning the subject property, then that other action is inseparably connected in every conceivable way, to the reservation of jurisdiction provision in the original summary judgment. That logic, however, is incorrect.
The Canakaris holding, as all three appellees argue, addresses a trial court's jurisdiction to act on a motion. It does not establish a precedent for the proposition that a state trial court may award attorney fees incurred by the mortgagee in a federal bankruptcy court proceeding. Moreover, the appellant furnished no precedent for such an award and, indeed, there is none.
The appellant had the opportunity to seek its attorney fees for services performed in the bankruptcy proceeding, in the bankruptcy court. The case of In re Boffey, 14 B.R. 2 (Bankr.S.D.Fla. 1981), of which the appellant is aware, indicates just that. It was for the bankruptcy court to determine whether appellant was entitled to attorney fees incurred in the bankruptcy proceeding and, if so, what a reasonable fee should have been.
*1256 Based on the foregoing, we conclude that the appellant is not entitled to attorney fees, incurred in a bankruptcy proceeding, from the state trial court which had previously entered a final summary judgment of foreclosure.
Affirmed.