PER CURIAM.
The defendants appeal a final judgment of foreclosure entered against their proper *837 ties. The final judgment was not stayed and one of two parcels has been sold pending appeal. We affirm.
On appeal the defendants argue that the final judgment should be vacated because the bank did not file the original mortgage and promissory note in the trial court prior to the entry of the judgment. The defendants, however, did not make this objection in the trial court. The evidence did establish the accuracy of the copies which were attached to the bank’s complaint. Now that the defendants have raised this issue on appeal, the bank has repeatedly offered to file the original documents in this court or in the trial court.
Although a plaintiff in a foreclosure action should file or produce for admission into evidence the original mortgage and promissory note, Downing v. First National Bank of Lake City, 81 So.2d 486 (Fla.1955); Figueredo v. Bank Espirito Santo, 537 So.2d 1113 (Fla. 3d DCA 1989), the omission of this requirement is not fundamental error in this case. On remand, the bank must file the original documents prior to further proceedings in the trial court. If the bank does not file these documents, the defendants may seek relief under Florida Rule of Civil Procedure 1.540(b).
Affirmed.
LEHAN, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.