596 So.2d 526 (1992)
PASTORE-BORROTO DEVELOPMENT, INC., Appellant,
v.
MAREVISTA APARTMENTS, M.B., INC., Appellee.
No. 91-2044.
District Court of Appeal of Florida, Third District.
April 7, 1992.
Friedman, Baur, Miller & Webner and Nicholas Friedman, Miami, for appellant.
Cohen, Chase, Heckerling & Trautman and Dale Heckerling, Miami, for appellee.
Before BASKIN, JORGENSON and GODERICH, JJ.
PER CURIAM.
Pastore-Borroto Development, Inc., appeals an amended final judgment of foreclosure in favor of Marevista Apartments M.B., Inc., following entry of an order of default.
We vacate the amended final judgment and remand for further proceedings. Marevista's failure to produce the original note and mortgage or provide any explanation as to the absence of those documents requires vacation of the amended judgment.[1]Figueredo v. Bank Espirito Santo, 537 So.2d 1113 (Fla. 3d DCA 1989); Emerald Plaza West v. Salter, 466 So.2d 1129 (Fla. 3d DCA 1985); see generally, Pennsylvania Blue Shield v. Wolfe, 575 So.2d 1361, 1363 (Fla. 3d DCA 1991). Cf. Roberts v. Hart, 573 So.2d 12 (Fla. 4th DCA 1990). The entry of the clerk's order of default does not preclude consideration of this issue. Downing v. First Nat'l Bank of Lake City, 81 So.2d 486, 488 (Fla. 1955) (failure to produce original note "precluded entry of a valid decree and could be raised by the defendants even though a decree pro confesso had been entered against them."); Lenfesty v. Coe, 34 Fla. 363, 16 So. 277 (1894); see West v. Fleming, 36 Fla. 298, 18 So. 587 (1895). On remand, the trial court may reconfirm the foreclosure judgment upon presentation of the original note and mortgage or reestablishment of the documents. Figueredo, 537 So.2d at 1113.
In addition, the award of attorney's fees was error. The bankruptcy court was the proper forum to determine Marevista's entitlement to attorney's fees incurred in the bankruptcy proceeding. The trial court lacked jurisdiction to award such fees. Florida Fed. Sav. & Loan Ass'n v. Sanchez, 553 So.2d 1254 (Fla. 3d DCA 1989); but see In re Shearer, 124 B.R. 862 (Bkrtcy.N.D. Fla. 1990). Upon reconfirmation of the judgment, the trial court may award the attorney's fees incurred in the state court foreclosure proceedings.
*527 We, therefore, vacate the final judgment and remand for proceedings consistent with this opinion.
Judgment vacated; remanded.
NOTES
[1] Here, the record does not supplant an explanation or the production of the documents. See Georgia Holding & Inv. Co. v. Citizens Bank, 145 Fla. 540, 542, 196 So. 808, 809 (1940) (Buford, J., specially concurring); Braden River Partners v. Professional Sav. Bank, 562 So.2d 836 (Fla. 2d DCA 1990).