601 So.2d 574 (1992)
The NEMOURS FOUNDATION, Appellant,
v.
William H. GAULDIN, et al., Appellees.
No. 91-1150.
District Court of Appeal of Florida, Fifth District.
May 15, 1992.
Rehearing and Rehearing Denied June 18, 1992.
*575 Lawrence J. Roberts, Kroll & Tract, Miami, for appellant.
Ladd H. Fassett and Theodore D. Estes, Warlick, Fassett, Divine & Anthony, P.A., Orlando, for appellee William H. Gauldin.
Rehearing and Rehearing En Banc Denied June 18, 1992.
PETERSON, Judge.
The Nemours Foundation appeals from a post-judgment order denying it an award of certain costs and attorney's fees which were incurred in connection with a mortgage foreclosure against William H. Gauldin, individually and as trustee. We reverse the order with respect to the denial of certain costs and affirm the order with respect to the denial of certain attorney's fees.
The trial court entered a final judgment of foreclosure on December 5, 1988, in which costs and attorney's fees were awarded and jurisdiction was retained "to enter further orders that are proper including, without limitation ... awarding supplementary attorney's fees and granting such other relief as may be appropriate." The mortgage being foreclosed required the mortgagor to pay "all costs, and expenses [of foreclosure], including the cost of securing abstracts... ." The note secured by the mortgage provided for the payment of "all costs of collection, including reasonable attorneys' fees whether incurred with respect to collection, trial, appeal, enforcement of any judgment based on this note, or otherwise."
The final judgment of foreclosure, appealed by Gauldin, was affirmed by this court on October 17, 1989, in Gauldin v. Nemours Foundation, 551 So.2d 475 (Fla. 5th DCA 1989). After the final judgment was affirmed, Gauldin filed a petition for relief in the United States Bankruptcy Court. Nemours moved the bankruptcy court for relief from the stay or, in the alternative, an order dismissing Gauldin's petition. The bankruptcy court dismissed the petition, and Gauldin appealed to the United States District Court. That appeal was voluntarily dismissed through a joint stipulation of the parties on September 18, 1990. On November 13, 1990, the foreclosure sale finally took place.
The Nemours Foundation then sought a supplementary order awarding post-judgment costs and attorney's fees, including fees and costs incurred in the bankruptcy proceedings and fees for an expert witness who testified as to reasonable attorney's fees. The costs sought and denied were:

 Transcript of William Gauldin's deposition taken in
 November 1988 $ 326.50
 Court reporter's appearance fee at summary judgment
 hearing in November 1988 $ 35.00
 Transcript of first meeting of creditors pursuant to
 11 U.S.C. § 341 $ 188.20
 Bankruptcy court filing fee for motion for relief from
 stay or, in the alternative, motion to dismiss and motion
 for sanctions $ 60.00
 Transcript of hearing on motion for stay pending appeal $ 138.00
 Expert witness fees incurred in bankruptcy proceeding,
 including preparation of appraisal $3,400.00

The first two items were within the discretion of the trial court to deny since they were incurred prior to the time the final judgment was entered. The items should have been presented to the court before the entry of the final judgment. Plaintiff's application for recovery of the remaining *576 items raises the issue whether a state court may tax the costs incurred by a foreclosing mortgagee in obtaining from a bankruptcy court an order that allows the mortgagee to proceed with the foreclosure. We hold that it may.
Once a petition for bankruptcy is filed by a mortgagor in foreclosure, an automatic stay is imposed, and the foreclosing mortgagee may not proceed further in the state court. 11 U.S.C. § 362. Once a mortgagor files a petition in bankruptcy, the mortgagee has several options. Some of the options include: (1) do nothing and thereby rely on the security; (2) file a secured claim in bankruptcy court and await disposition of the action; or (3) move for relief from the stay or, if warranted, as it was in the instant case, move for dismissal of the petition. The most practical and usual alternative is to seek relief by moving to lift the stay. If the bankruptcy court lifts the stay, the mortgagee avoids the loss of interest, the accumulation of unpaid ad valorem taxes, and the usual decline in the condition of the security during the time, which may be lengthy, that the debtor's estate is being administered in the bankruptcy court. To obtain an order lifting the stay, the secured creditor must convince the bankruptcy court that the debtor's equity in the property is either nonexistent or in an amount that will be of no benefit to the debtor's estate. Usually, an independent appraiser is required immediately to provide valuation information for inclusion in the initial motion to seek relief from the stay. The costs and attorney's fees incurred in the process can be considerable.
Often, the primary if not the sole reason for a bankruptcy action is to delay a foreclosure sale for the purpose of gaining extra time to market or refinance the property. The additional expenses incurred by the mortgagee in bankruptcy litigation will reduce the rate of return originally contemplated by the mortgagee unless they are awarded by a court as items of cost. A debtor who is discharged in bankruptcy and whose mortgaged property is relieved from the stay suffers no consequences since he is discharged from any debt arising out of a deficiency judgment. The creditor in that situation has no way to recover the costs unless proceeds from the sale of the security are sufficient to make him whole.
A prevailing party can recover costs pursuant to section 57.041, Florida Statutes (1989). The parties can also agree at the inception of their contractual relationship as to the items of cost that may result from a default by one of them. Glynn v. Roberson, 58 So.2d 676 (Fla. 1952); Gullette v. Ochoa, 104 So.2d 799 (Fla. 1st DCA 1958). See Maw v. Abinales, 463 So.2d 1245 (Fla. 2d DCA 1985). In the instant case, when the debtor/creditor relationship began, the parties agreed in both the note ("all costs of collection ... whether incurred with respect to collection ... or otherwise") and mortgage ("all costs and expenses [of foreclosure]") that costs and expenses were to be assessed against the mortgagor in the event of default. This expansive language, coupled with an absence of language restricting recovery to an award of costs imposed by statute, indicates that the mortgagee would not be satisfied in the event of default with an award "only" of costs contemplated by section 57.041. It also appears that the Florida Supreme Court has contemplated awards of costs, in appropriate circumstances, in excess of those enumerated in the Statewide Uniform Guidelines for Taxation of Costs in Civil Action. The Florida Bar Re: Amendment to Rules of Civil Procedure, Rule 1.442 (Offer of Judgment), 550 So.2d 442, 444 n. 2 (Fla. 1989) (recovery of costs under the rule "not necessarily limited only to taxable costs").
Considering the provisions of the promisory note and mortgage as a whole, it is apparent that the mortgagee wished to have its principal and interest free of depletion and to have all of the expenditures involved in foreclosure (whether one wishes to call them "costs" or "expenses"[1]) assessed against the mortgagor. The mortgagor executed the mortgage containing these provisions and should not complain *577 now that he is called upon to pay the expenses incurred as a result of his unsuccessful choice to impede the foreclosure in the bankruptcy court. These costs were clearly expenses reasonably incurred in the attempted collection of the amounts due under the mortgage. However, the amounts of the expenses must be reasonable, and the reasonableness of the expenses, particularly the $3,400 appraiser's fee, has never been addressed since they were originally denied by the trial court. Remand is therefore appropriate to take into account the reasonableness of the claimed appraiser's fee. Thunderbird, Ltd. v. Great American Insurance Co., 566 So.2d 1296, 1303 (Fla. 1st DCA 1990).
The issue whether attorney's fees incurred in the bankruptcy proceedings may be awarded to a mortgagee by a state court need not be addressed in the instant case because no competent evidence of the reasonableness of the fees was presented to the trial court.[2] Nemours' expert witness, an attorney from Broward County, testified that the instant case was not controlled by the lodestar approach to the computation of fees pursuant to the requirements of Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). He testified that $125,000 was a reasonable fee based upon three percent of the sale price of the property in foreclosure and that 330 hours would have been a reasonable number of hours to spend upon the entire foreclosure, including the time spent on bankruptcy matters. He testified incorrectly that the Nemours Foundation and its attorney had a contingency fee agreement and further testified that he was not familiar with the rates charged by Brevard County attorneys for similar foreclosure matters. In the absence of a showing of the time spent in bankruptcy court and a reasonable rate for bankruptcy work in the venue of the proceedings, the trial court properly refused to award attorney's fees based upon the lack of competent evidence. The trial court was also correct in denying expert witness fees to this witness who gave useless testimony on the attorney's fee issue.
We affirm the denial of attorney's fees incurred in the bankruptcy proceedings but reverse the denial of the costs incurred in the bankruptcy proceedings. The matter is remanded for determination of the reasonableness of the requested costs and expenses incurred to gain relief of the stay ordered by the bankruptcy court and for an award of those costs to the extent they are reasonable.
REVERSED in part; REMANDED.
GOSHORN, C.J., and DIAMANTIS, J., concur.
NOTES
[1] Since the documents establishing the debt and lien in the instant case cover both costs and expenses, we need not engage in a discussion of the differences, if any, in the meanings of the two words. See American Securities Co. v. Goldsberry, 69 Fla. 104, 67 So. 862 (1915); Kennedy v. Hancock, 108 Fla. 601, 146 So. 667 (1933); City of Miami v. Murphy, 137 So.2d 825 (Fla. 1962); Florida Gas Co. v. Spectra-Physics, Inc., 406 So.2d 1280 (Fla. 1st DCA 1981); C.B.T. Realty Corp. v. St. Andrews Cove I Condominium Ass'n, Inc., 508 So.2d 409 (Fla. 2d DCA 1987).
[2] See Florida Federal Savings and Loan Association v. Sanchez, 553 So.2d 1254 (Fla. 3d DCA 1989); accord, Pastore-Borroto Development, Inc. v. Marevista Apartments, M.B., Inc., 596 So.2d 526 (Fla. 3d DCA 1992). The Fifth District has not decided this issue.