HARRIS, Chief Judge.
The issues on appeal arise from a supplemental award of attorney’s fees and costs in a mortgage foreclosure proceeding in state court for work done in bankruptcy court. We have elected to consider this case en banc pursuant to Rule 9.331, Florida Rules of Appellate Procedure.
First Family Bank (“the Bank”) held a mortgage on property owned by Albert and Kathleen Dvorak (“the Dvoraks”). The *1077 Bank filed a complaint for foreclosure against the Dvoraks and the circuit court entered a final judgment of foreclosure which included interest, costs and attorney’s fees through the date of foreclosure.[1] Two hours before the foreclosure sale was to be held, the Dvo-raks filed a Chapter 11 petition in the bankruptcy court which was later converted to a Chapter 7 bankruptcy on the Bank’s motion.
Almost two years later, the bankruptcy trustee conveyed the mortgaged property to the Bank for $6,000, the amount of equity the Dvoraks had in the property. The Bank then filed a motion in state court for an amended final judgment of foreclosure in which it requested that the court set a new sale date and award the Bank the additional interest, attorney’s' fees and costs the Bank had ineuri’ed as a result of the Dvoraks’ bankruptcy action.
At the hearing on the motion, the Dvoraks objected to the manner in which the Bank offered its proof of the claimed fees and costs (by affidavit), contending that they were being denied their right to cross-examine the Bank’s witnesses. The Bank countered that the Dvoraks had no standing to object because they no longer had any interest in the property which was the subject of the judgment of foreclosure. We disagree. So long as the Dvoraks remain parties to the action, they have standing to contest any court action that might affect them.
The court denied the Dvoraks’ objection and awarded the Bank, inter alia, all its requested attorney’s fees based solely on the affidavits of the Bank’s witnesses.[2] Even if additional attorney’s fees were appropriate in this action, this procedure was error. See Morgan v. South Atlantic Production Credit Assoc., 528 So.2d 491 (Fla. 1st DCA 1988) (holding that upon specific objection to the setting of a fee without an evidentiary hearing, the party seeking the fee must present testimony concerning the necessity and reasonableness of the fee); Lafferty v. Lafferty, 413 So.2d 170 (Fla. 2d DCA 1982) (same); Geraci v. Kozloski, 377 So.2d 811 (Fla. 4th DCA 1979) (same); Marchion Terrazzo, Inc. v. Altman, 372 So.2d 512 (Fla. 3d DCA 1979) (same).
The status of the parties at the time of the motion for supplemental fees and costs makes this case unique. It should be noted that in both Canakaris v. Hammond, 455 So.2d 486 (Fla. 5th DCA 1984), and The Nemours Foundation v. Gauldin, 601 So.2d 574 (Fla. 5th DCA 1992),[3] the bankruptcy stay had been lifted and the property (which remained the property of the debtor in bankruptcy and the mortgagor in the foreclosure action) was returned to the jurisdiction of the state foreclosure court. This appears to be a case of first impression in which the bank is attempting to continue the former foreclosure action against a debtor whose property it purchased from the bankruptcy estate.[4]
*1078 The Dvoraks contend that the trial court had no authority, under the facts of this case, to award the Bank its attorney’s fees for services performed in the bankruptcy court. 11 U.S.C. section 506(b) gives the bankruptcy court jurisdiction to address the issue of attorney’s fees:
(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose. (Emphasis added).[5]
Repeatedly, courts have interpreted this subsection as providing a vehicle for bankruptcy courts to award postpetition attorney’s fees and costs to oversecured creditors if the security agreement so provides.[6] See Collier on Bankruptcy, 15th Ed. p. 506^11 (1993).
In In re Korangy, 106 B.R. 82 (Bankr.D.Md.1989), the court interpreted this subsection to give bankruptcy courts exclusive jurisdiction to award fees and costs in cases involving oversecured creditors. In Koran-gy, a Florida state court had previously awarded the creditor a substantial attorney’s fee. Relying on In re Hudson Shipbuilders, Inc., 794 F.2d 1051 (5th Cir.1986), and In re 268 Ltd., 789 F.2d 674 (9th Cir.1986), the court stated:
The Ninth and Fifth Circuits have held that § 506(b) preempts state law in determining the reasonableness of attorney’s fees. In re Hudson Shipbuilders, Inc., 794 F.2d 1051 (5th Cir.1986); In re 268 Ltd., 789 F.2d 674 (9th Cir.1986). The 268 court squarely faced the preemption issue and concluded that a bankruptcy court must independently determine the reasonableness of attorney’s fees. The 268 court examined the legislative history ... and stated, “To give § 506(b)’s limitation meaning, we must read it to provide for an ex post reasonableness determination by the bankruptcy court.” 789 F.2d at 676. The Fifth Circuit in In re Hudson Shipbuilders followed the reasoning of the Ninth and Fourth Circuits to find that § 506(b) preempts state law.
This court agrees. Section 506(b) requires the bankruptcy court to assess the reasonableness of fees under an attorney fee agreement. Section 506(b) is not alone in mandating the bankruptcy court to make such an assessment; 28 U.S.C. § 157(b)(2) makes the assessment a core proceeding. Preservation of creditor priority is an axiom of bankruptcy policy. E.g., In re Quanta Resources Corp., 739 F.2d 912, 915 (3d Cir.1984), affirmed, Midlantic Nat’l. Bank v. New Jersey Dept. of Envtl. Protection, 474 U.S. 494, 106 S.Ct. 755, 88 L.Ed.2d 859 (1986). Oversight by the bankruptcy court to ensure fairness to all creditors is a corollary to that principle. Where a secured creditor has filed a proof of claim ... the creditor’s claim for attorney’s fees is properly before the bankruptcy court. Hudson Shipbuilders, 794 F.2d at 1055. Reasonableness of fees must be assessed by federal rather than state standards. E.g., In re Wonder Corp. of America, 82 B.R. 186 (D.Conn.1988).
Korangy, 106 B.R. at 84-85.
Based on Korangy, even if it was appropriate to continue with this foreclosure, the trial *1079 court erred in awarding the Bank its fees rather than deferring to the bankruptcy court.[7]
The bank urges that even if the bankruptcy court has exclusive jurisdiction to award fees accruing during bankruptcy, once the property was sold to the Bank, the bankruptcy court’s jurisdiction no longer existed and the property should be permitted to return to state court for the assessment of such fees. But if the bankruptcy court’s jurisdiction to assess fees accruing during bankruptcy for oversecured claims is truly exclusive, such jurisdiction is not conferred on the state court by the mere conclusion of the bankruptcy court’s participation. If attorney’s fees for work before .the bankruptcy court are not sought in the bankruptcy action against an appropriate “fund” being held in that court, any claim to such fees is waived.
The Third DCA twice has held that a creditor must seek its attorney’s fees from the bankruptcy court, not the state court which dealt with the foreclosure action. See Florida Federal Savings and Loan Assoc. v. Sanchez, 553 So.2d 1254 (Fla. 3d DCA 1990); accord, Pastore-Borroto Development, Inc. v. Marevista Apartments, M.B., Inc., 596 So.2d 526 (Fla. 3d DCA 1992). Although the Florida Federal court did not rely on section 506(b) as support for its holding, the facts of that case (there was indeed a second mortgage) indicate the claim probably was overse-cured.[8] The court reasoned that the mortgagee had the opportunity to seek its fees in the bankruptcy court, citing In re Boffey, 14 B.R. 2 (Bankr.S.D.Fla.1981), as support. The Boffey case did not address the question of jurisdiction, but the court did award attorney’s fees pursuant to the mortgage note. Again, a review of the facts in Boffey indicates that the claim was oversecured and thus subject to section 506(b).
Because the Bank’s claim in the instant case was oversecured, the trial court erred in awarding attorney’s fees and costs incurred during bankruptcy proceedings.
REVERSED.
W. SHARP, GRIFFIN and DIAMANTIS, JJ., concur.
COBB, J., concurs specially with opinion in which DAUKSCH, J., concurs.
GOSHORN, J., dissents with opinion in which THOMPSON, J., concurs.
PETERSON, J., recused.

. Those fees and costs are not in dispute.

. The court also awarded additional interest, insurance, the fees incurred both for an appraisal in the bankruptcy court and for a change in the locks on the property, and the $6,000 the Bank had paid the trustee for the property.

. Previous cases in which this court discussed the issue of whether a state court may properly award attorney's fees for services performed in the bankruptcy court.

. Although not raised as an issue in this appeal, it appears that the Bank, by purchasing the property from the trustee for the debtor's bankruptcy estate, may have discharged its debt against the Dvoraks. After filing its claim for the entire amount of its original judgment (which included interest and attorney's fees through the date of judgment), the Bank purchased the property from the trustee by waiving its claim and paying $6,000 in cash for the equity. The Bank, in effect, purchased the property “subject to" its own debt. And while one who takes subject to an indebtedness does not become personally liable for that debt, he cannot require that his grantor (the Dvoraks in this case) pay that indebtedness because it was a part of the consideration for the purchase. This essentially was a "deed in lieu." While it is true that the trustee's deed contained an anti-merge provision, the issue here is not merger. An anti-merge provision is intended to protect against junior encumbrances; it is not intended to permit the creditor to continue an action on the debt against the former debtor who has given up the property in order to discharge the debt. The trustee's deed provides that the Bank's mortgage interest remains “as a lien on the subject property” (which property is now owned by the Bank); there is no agreement that the former debtors remain personally liable on the obligation. While the anti-merge provision would make it appropriate to continue the foreclosure in order to eliminate the claims of any junior encumbrances, the Bank *1078 announced its intention to subsequently seek a deficiency against the Dvoraks. It appears, therefore, that the Bank continued the foreclosure action in order to establish a deficiency against the debtors for the debt that merged in the judgment which constituted the claim that was a part of the consideration for the purchase of the property. Perhaps that is why this is such a unique case.

. There is no similar provision that specifically permits the bankruptcy court to award attorney’s fees and costs in cases in which the creditor is not oversecured. This appears to be because the stay will be lifted and the matter returned to state court for such fees as may be appropriate.

. Because the Bank purchased the Dvoraks’ "equity” for $6,000, it was an "oversecured” creditor within the meaning of 11 U.S.C. section 506(b). We do not accept the Bank's contention made in its supplemental memorandum filed after oral argument that it could not be overse-cured unless it bid an amount in excess of its debt against the property. Since the purchase of this property from the bankruptcy estate eliminated the Bank's claim in bankruptcy, the purchase price was "in addition” to the Bank’s debt. The $6,000 was paid for this equity.

. Assume, for example, that a third party purchased the property from the bankruptcy trustee for the amount of the Bank’s claim plus $6,000. This $6,000 "fund” would be available to pay the Bank's attorney's fees incurred in the bankruptcy court. Clearly, under Korangy, the Bank would be required to look to the bankruptcy court for such fees. The $6,000 "fund” paid by the Bank in this case for the bankruptcy debtor's property remains in the bankruptcy court subject to a claim for the Bank's attorney's fees. May the Bank, under the law announced by Korangy, merely waive its claim against this fund and proceed instead in the foreclosure action in an effort to establish a deficiency judgment against the bankruptcy debtor? We think not.

. The Pastore-Borroto opinion simply cited Florida Federal as authority for its conclusion that the bankruptcy court was the proper forum to determine whether the creditor was entitled to attorney fees. While we disagree with the broad language of Florida Federal: "[T]he court lacked authority to grant attorney fees for services rendered in another court," we agree with its conclusion. However, unless the bankruptcy court has exclusive jurisdiction, we would hold that the state court has the authority to enforce the contract obligation and to award costs and attorney’s fees necessary for that purpose wherever those services are rendered — in probate, in guardianship or in bankruptcy.