GOSHORN, Judge,
dissenting.
I respectfully dissent. The issues on appeal arise not from work done in the bankruptcy court as asserted by the majority, but from work done in furtherance of and necessary to the conclusion of the Bank’s state foreclosure action.
The Dvoraks rely on Florida Federal Savings & Loan Ass’n v. Sanchez, 553 So.2d 1254 (Fla. 3d DCA 1989) and Pastore-Borroto Development, Inc. v. Marevista Apartments, M.B., Inc., 596 So.2d 526 (Fla. 3d DCA 1992) (affirming the court’s position taken in Sanchez) to support their argument that under bankruptcy law,[1] the bankruptcy court has exclusive jurisdiction to address the issue of attorney’s fees.
In Sanchez, the appellant was granted a final summary judgment of foreclosure. The court retained jurisdiction “for the entry of such further Orders as are necessary.” Id., at 1255. On the same day the foreclosure was entered, the mortgagors filed a voluntary petition in bankruptcy which was later dismissed by the bankruptcy court’s order. The appellant subsequently moved the trial court to amend the final foreclosure judgment, seeking additional attorney’s fees and costs incurred by appellant because of the bankruptcy proceedings. The trial court denied the request on the ground that it lacked the authority to grant fees for services rendered in another court. In affirming on appeal, the Third District held:
The appellant had the opportunity to seek its attorney fees for services performed in the bankruptcy proceeding, in the bankruptcy court. The case of In re Boffey, 14 B.R. 2 (Bankr.S.D.Fla.1981), of which the appellant is aware, indicates just that. It was for the bankruptcy court to determine whether appellant was entitled to attorney fees incurred in the bankruptcy proceeding and, if so, what a reasonable fee should have been.
Id. It is difficult to determine with certainty the underlying facts of Boffey, relied on in Sanchez. However, it appears that there, the bankruptcy court liquidated the property rather than releasing it and returning it to the trial court’s jurisdiction. This is a distinction I believe to be significant.
The cases supporting the proposition that 11 U.S.C., section 506(b) gives the bankruptcy court exclusive jurisdiction to address the issue of attorney’s fees involve circumstances where the mortgaged property is still within the bosom of the bankruptcy court or subject to its jurisdiction. See, e.g., In re Korangy, 106 B.R. 82 (Bankr.D.Md.1989); In re Hudson Shipbuilders, Inc., 794 F.2d 1051 (5th Cir.1986); In re 268 Ltd., 789 F.2d 674 (9th Cir.1986). Under those circumstances, I would agree the bankruptcy court has exclusive jurisdiction. After all, it only makes sense that one court would not be bound by the decision of a second court as to the reasonableness of attorney’s fees and costs relating to property subject to the first court’s jurisdiction.
Entirely different, I believe, is the situation in the instant case. Here, the property was released from the bankruptcy court’s jurisdiction. The bankruptcy court has no further interest in the property or claim upon it. Instead, the property is subject to the jurisdiction of the state court. ' Consequently, the state court is the proper court to determine the reasonableness of the claimed attorney’s fees and costs.
Although the majority characterizes the supplemental fees and costs as arising from “work done in the bankruptcy court,” I conclude that the additional work and costs were, in actuality, necessary to the conclusion of the Bank’s state court foreclosure action. The majority fails to recognize that once the *1081 property and all control of the proceeds of a foreclosure sale are released from the bankruptcy court, the mortgagee bank is no longer an “oversecured creditor” in the bankruptcy sense and that not only does the bankruptcy court not have exclusive jurisdiction over the creditor and the secured property, it has no jurisdiction whatsoever. It is simply unrealistic to think that a bankruptcy court would or could entertain a motion for attorney’s fees to be levied in an action in the state court regarding property in which the bankruptcy court has no further interest and no source of funds from which to award those fees.[2]
I dissent from the conclusion of the majority that under the facts of this case, the state trial court has no jurisdiction to award the supplemental attorney’s fees and costs.
THOMPSON, J., concurs.

. Title 11 U.S.C. § 506(b) (1993) provides:
(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

. I also disagree with the majority’s statement in footnote 4 that an anti-merge provision "is not intended to permit the creditor to continue an action on the debt against the former debtor who has given up the property in order to discharge the debt.” Whether the mortgage is merged and the debt extinguished when the mortgagee accepts a return of the mortgagor’s interest in the mortgaged property depends upon the intent of the mortgagee. Gourley v. Wollam, 348 So.2d 1218, 1220 (Fla. 4th DCA 1977) (citing Jackson v. Relf 26 Fla. 465, 8 So. 184 (1890)). The mortgagee’s intention is to be determined "by his declarations at the time, or, in the absence of these, by his interest, as shown in the condition of things then existing, or by the attending circumstances.” Id. In this case, the anti-merge provision is a clear and unambiguous declaration that the Bank intended to preserve its right to proceed against the Dvoraks. The provision should be given its intended effect.