**IN RE Youleida ALDROVANDI, Debtor.**

**Case No. 6:16–bk–03289–KSJ**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Signed June 01, 2017

James T. Harper, Jr., My Law Solution, PA, Merritt Island, FL, for Debtor.

## ORDER PARTIALLY SUSTAINING DEBTOR'S OBJECTION AND ALLOWING REDUCED ATTORNEYS' FEES FOR CREDITOR, MCCORMICK 105, LLC

Karen S. Jennemann, United States Bankruptcy Judge

Creditor, McCormick 105, LLC's ("McCormick"), filed a Motion for Award of Attorneys' Fees (the "Motion")[1] seeking $58,454.38 in attorneys' fees and costs incurred during the Debtor's three successive Chapter 13 bankruptcy cases: (1) 6:15–bk–0193–KSJ ("Case No. 1"), (2) 6:15–bk–06668–KSJ ("Case No. 2"), and (3) 6:16–bk–03289–KSJ ("Case No. 3").[2] Debtor objects[3] to the amount sought arguing that, although McCormick, a secured creditor, may recover *reasonable* fees for legal work in the three bankruptcy cases, the amount sought is excessive and egregious.[4]

---

1. Doc. No. 36. The Court held a hearing on the Motion on February 28, 2017. No evidentiary hearing is merited insofar as the Court can determine the reasonableness of the fees based on the Motion and attached papers.

2. Doc. No. 55, p. 2.

3. Doc. No. 51.

4. Doc. No. 51, p. 6. Debtor also asks the Court to disallow all fees and costs that occurred before June 26th, 2015, to disallow fees and costs that occurred in the first two bankruptcy proceedings, and to remand fees that are related to state court proceedings.

Debtor's Objection is partially sustained. McCormick is allowed reasonable attorneys' fees and costs of $20,679.28.

 McCormick holds a mortgage encumbering real property at 8273 Via Verona, Orlando, Florida 32836 (the "Property"). When the Debtor failed to make regular mortgage payments, McCormick started foreclosure proceedings in state court.[5] The Florida State Court entered a Final Judgment of Foreclosure for approximately $310,000,[6] but McCormick could not proceed because the Debtor filed three successive Chapter 13 bankruptcy cases, each time stopping a scheduled foreclosure sale. McCormick is entitled to reasonable[7] attorneys' fees and costs for work performed in connection with all three bankruptcy cases.[8]

 After extensive review of the billing statements submitted, the Court finds that the bankruptcy fees and costs requested by McCormick are excessive and unreasonable.[9] The Court has several concerns, including:

- The general duplication of efforts between the *eight* attorneys working on the cases with multiple attorneys reviewing, monitoring, and emailing each other within the firm about the status of the case.[10]

- The lack of any significant non-legal secretary or administrative work performed. In the second bankruptcy case, six attorneys worked on the case, often completing administrative type services more appropriately performed by a less expensive paralegal or secretary.[11]

- The excessive time spent to prepare relatively simple papers filed with the Court. At least four attorneys worked on McCormick's Proof of Claim.[12] For example, the fees total $5,628.50, when typical fees for preparing and filing a proof of claim are approximately $500.[13]

- The Court noticed numerous questionable charges. Here are just a few examples:

---

5. Doc. No. 36, ¶ 5.

6. Doc. No. 36, ¶ 6, Exh. 3.

7. A determination of whether these fees are reasonable requires the Court to consider the number of hours that could be reasonably expended on the litigation and then multiply that hourly figure by a reasonable hourly rate. This is known as the "lodestar method." *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 879 (11th Cir. 1990). In conducting this analysis, the Court considers the twelve factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Those twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the

amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. The Court considered each applicable *Johnson* factor in reviewing the fees requested.

8. *Martinez v. Giacobbe*, 951 So.2d 902, 904 (Fla. 3d Dist. Ct. App. 2007); *Dvorak v. First Family Bank*, 639 So.2d 1076, 1078 (Fla. 5th Dist. Ct. App. 1994).

9. Doc. No. 47, 48.

10. Doc. No. 48.

11. Doc. No. 48, pp. 7–37. Invoices are from September 4, 2015 through April 20, 2016.

12. Doc. No. 48.

13. Doc. No. 55, p. 3.

i. Fees requested for days when there was no pending bankruptcy case;[14]

ii. Duplicating fee requests by carrying over the balance due in an older invoice to the next invoice;[15]

iii. Seeking payment of a "[c]ourt fee for reopening of the Chapter 13 case,"[16] when this fee was refunded to McCormick by the Court;[17]

iv. Charging $165.00 to "calculate the costs for traveling to Orlando;"[18] and

v. Attending an unnecessary hearing, the initial confirmation hearing, and then billing for 4.10 hours of wasted attorney time.[19]

After carefully assessing the work performed by McCormick's attorneys and reviewing the related billing records submitted, the Court agrees much of the fees are excessive. The Court will partially sustain the Debtor's objection and partially allow McCormick's fee application for work performed in the Debtor's three bankruptcy cases.

Accordingly, it is

**ORDERED:**

1. Debtor's Objection (Doc. No. 51) is partially sustained.

2. McCormick's Motion for Award of Attorney's Fees (Doc. No. 36) is denied in part and granted in part.

3. The Court finds that $20,679.28 is a reasonable fee for all services and costs incurred in all three bankruptcy cases. The attorney fees and costs are reduced to the following amounts:

 a. For Case No. 1: $434.50;

 b. For Case No. 2: $13,595.11; and

 c. For Case No. 3: $6,649.67.

---

14. Doc. No. 48, pp. 39–41.

15. *Compare* Doc. No. 47, p. 3 ("11/16/2016 $1,310.41") *with* Doc. No. 48, p. 65 ("Unpaid Invoices"). The grand total due on the November 16, 2016 invoice repeated and duplicated the amount charged in the prior month's unpaid invoice.

16. Doc. No. 48, p. 71.

17. "The Clerk of Court is directed to process the necessary documents to allow McGlinchey Stafford to receive a refund of $235.00 from the proper credit card agency." Doc. No. 49, ¶ 3.

18. Doc. No. 48, p. 7. Calculating travel costs is a distinctly secretarial activity.

19. Doc. No. 48, p. 23. The Court provided notice that "Attendance at the Initial Confirmation Hearing is optional. Only the Chapter 13 Trustee is required to attend." Case No. 6:15–bk–06668–KSJ, Doc. No 7, p. 2.