2006 UT App 243

**Sarah S. CONDIE nka Sarah S. Seals, Petitioner and Appellant,**

v.

**David C. CONDIE, Respondent and Appellee.**

No. 20050450–CA.

Court of Appeals of Utah.

June 15, 2006.

Scott B. Mitchell, Salt Lake City, for Appellant.

Jarrod H. Jennings, Corporon Williams & Bradford, Salt Lake City, for Appellee.

Before Judges GREENWOOD, BILLINGS, and McHUGH.

## OPINION

McHUGH, Judge:

¶1 Sarah S. Seals appeals from a trial court order denying her motion for an award of attorney fees she incurred in filing an adversary proceeding in her ex-husband David C. Condie's bankruptcy case. We remand for further proceedings consistent with this opinion.

## BACKGROUND

¶2 Condie and Seals divorced on November 22, 1999. The Decree of Divorce (the Decree) contained a hold harmless provision ordering Condie to "assume complete responsibility for all loans, debts[,] and obligations, whether incurred by [Condie] or incurred jointly as husband and wife, with the exception of the loan on the 1995 Eagle Vision automobile, which [Seals] shall assume." One of the debts Condie assumed was a promissory note executed in favor of the Hopkinsville Federal Savings Bank in Kentucky for a home Condie and Seals purchased in April 1997 while married (the Hopkinsville debt). The promissory note was secured by real property in Tooele County, Utah (the Tooele property), that Seals owned. The Decree's only reference to attorney fees is a statement that "[e]ach party shall assume and pay their respective attorney fees and costs incurred in this matter."

¶3 After the divorce, Condie began to suffer severe financial hardship and, consequently, failed to make payments on the Hopkinsville debt. In August 2000, the bank filed an action in Kentucky against both Condie and Seals to collect the outstanding debt.

¶4 On December 29, 2000, Condie filed for voluntary Chapter 7 bankruptcy in Utah. Condie did not originally list Seals as a creditor on his bankruptcy schedules. The parties dispute whether Condie ever had the intention of attempting to discharge the Hopkinsville debt and whether Seals demanded to be listed as a creditor. Nonetheless, on January 24, 2001, Condie sent Seals a letter informing her that she was "inadvertently not listed as a creditor in the initial creditor matrix, lists[,] and schedules filed with the court" and that she would "be listed as a creditor on an amended matrix." The letter further stated,

> Accordingly, you are hereby given notice of this case, and informed that the debt due you will be discharged the same as if your debt had been duly listed and scheduled. . . .
>
> . . . .

> If you do not file a claim with the bankruptcy court to determine whether the debt to Hopkinsville Federal Savings Bank is nondischargeable under the Decree of Divorce ... or the [relevant Bankruptcy Code provision] ... then the debt may be discharged ... and discharge operates as an injunction against any act to collect a discharged debt.

¶ 5 Seals hired an attorney to file an adversary proceeding in Condie's bankruptcy case, because, according to her testimony, she believed that it was necessary to protect the Tooele property. The parties attempted to settle the dispute but were unsuccessful. Seals received partial summary judgment in her favor in the United States Bankruptcy Court for the District of Utah, which ruled that the debt owed to the bank was nondischargeable. After considering arguments from both parties at a hearing on January 14, 2002, the bankruptcy court stated,

> Well, I'm not sure that we've reached a meeting of the minds here[,] but under the circumstances I can't see that there is any dispute. There is certainly no contested issue of fact and, therefore, as a matter of law I'm going to find that [the hold harmless provision of the Decree] represents an obligation that the debtor owed as of the date of filing to the plaintiff, and that it arose in the context of the divorce proceeding and is nondischargeable under [Bankruptcy Code section] 523(a)(15).

¶ 6 Seals's attorney fees for the bankruptcy proceeding were $6715.75. The bankruptcy court allowed Seals additional time after summary judgment to request attorney fees; however, Seals never asked the bankruptcy court to determine in that proceeding whether she was entitled to attorney fees.

¶ 7 Meanwhile, around April 2001, Condie received a loan from his friend and then-employer Brian Steffensen to satisfy the Hopkinsville debt. After receiving payment, the bank assigned the promissory note and mortgage on the Tooele property to a limited liability company owned by Steffensen. The bank then dismissed the lawsuit against Seals and Condie. In April 2004, Condie paid the remaining balance on the promissory note, and on April 26, 2004, Steffensen executed a Release of Note and Mortgage that cleared title to the Tooele property.

¶ 8 In August 2004, Seals filed a Motion for Judgment of Support Arrears Etc. and for a Finding of Contempt in the state trial court. The motion requested that Condie be held in contempt for allegedly failing to remain current on his child support payments and also requested attorney fees for several discrete matters, including the filing of the adversary proceeding in Condie's bankruptcy case. After conducting an evidentiary hearing, the trial court denied Seals's request to have Condie held in contempt and also declined to award her the attorney fees she incurred in the bankruptcy action. The trial court, however, awarded her nearly all of the attorney fees she incurred as a result of other matters.[1] In denying Seals's request for the fees incurred in the bankruptcy proceeding, the trial court concluded,

> The [b]ankruptcy [c]ourt in its ruling on Seals'[s] Motion for Partial Summary Judgment did not award attorney[ ] fees, nor did the parties in their subsequent Stipulation and Settlement provide for recoupment of attorney[ ] fees for the services of Steven Rupp in pursuing an adversarial proceeding against Condie. Those proceedings were the appropriate time and place for the parties to ask for attorney[ ] fees and this [c]ourt will not grant such fees on that basis. Furthermore, the evidence suggests that the adversarial proceeding was wholly unnecessary initially, as Seals was not a named creditor in the bankruptcy proceedings. Thereafter, the evidence is contested as to whether Seals requested to be named a creditor under the bankruptcy proceedings or not, and thus Seals has not met her burden of proof on that issue. Finally, this [c]ourt notes that the Hopkinsville obligation was satisfied in April 2001, thus making any subsequent proceedings in bankruptcy wholly unnecessary as is underscored by the

---

1. These other matters included obtaining the release of the mortgage on the Tooele property, defending against Hopkinsville Federal's Kentucky action, and pursuing child support arrearages.

[b]ankruptcy [c]ourt's own musings after listening to the parties' argument in Seals'[s] Motion for Partial Summary Judgment that "... under the circumstances I can't see that there is any dispute." ... Accordingly, this [c]ourt denies Judgment for any fees incurred by Seals in the bankruptcy proceedings.

¶ 9 Seals filed a Motion to Alter or Amend the Order on February 11, 2005. The trial court entered its final order denying this motion on April 27, 2005. This appeal followed.

## ISSUE AND STANDARDS OF REVIEW

 ¶ 10 The issue on appeal is whether the trial court should have awarded Seals attorney fees for the adversarial proceeding she filed in Condie's bankruptcy case. We review the trial court's decision regarding attorney fees for an abuse of discretion. "The award of attorney fees is ... in the 'sound discretion of the trial court.'" *Willey v. Willey*, 951 P.2d 226, 230 (Utah 1997) (quoting *Dixie State Bank v. Bracken*, 764 P.2d 985, 988 (Utah 1988)). "[T]his is due to the trial judge's familiarity with [the] particular litigation and with attorney fees in general." *Id.* To conduct this review, however, it is necessary for us to examine the conclusions of law underlying the trial court's decision. We review the trial court's conclusions of law for correctness and do not defer "in any degree" to the trial court's legal determinations. *State v. Pena*, 869 P.2d 932, 936 (Utah 1994) (citations omitted).

## ANALYSIS

¶ 11 In the trial court, Seals argued for attorney fees incurred in the bankruptcy proceeding pursuant to Utah Code section 30-3-3(2), which states,

In any action to enforce an order of custody, visitation, child support, alimony, or division of property in a domestic case, the court may award costs and attorney fees upon determining that the party substantially prevailed upon the claim or defense. The court, in its discretion, may award no

fees or limited fees against a party if the court finds the party is impecunious or enters in the record the reason for not awarding fees.

Utah Code Ann. § 30-3-3(2) (Supp.2005). The trial court made three conclusions of law in support of its denial of Seals's motion for attorney fees: (1) the bankruptcy proceedings were the appropriate time and place for the parties to ask for attorney fees; (2) the adversarial proceedings in bankruptcy court were unnecessary because Seals was not a named creditor in the bankruptcy proceedings; and (3) the Hopkinsville debt was satisfied in April 2001, rendering any subsequent proceedings in bankruptcy on that debt unnecessary. We address each of these conclusions in turn.

 ¶ 12 The first ground upon which the trial court denied attorney fees was that the bankruptcy proceedings, rather than the subsequent state trial court proceedings, "were the appropriate time and place for the parties to ask for attorney[ ] fees." Seals asserts that it would have been futile to ask for attorney fees during the bankruptcy proceedings because, as a general rule, attorney fees are not awardable under federal bankruptcy law for enforcement of obligations contained in a divorce decree. We agree.

 ¶ 13 Seals argued in bankruptcy court that Condie could not discharge the Hopkinsville debt because it was subject to Bankruptcy Code section 523(a)(15), which states,

A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt ... that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, [or] a determination made in accordance with State or territorial law by a governmental unit. . . .

11 U.S.C. § 523(a)(15) (1994). This statute provides for nondischargeability of divorce-related debts other than domestic support obligations. *See In re Hammond*, 236 B.R. 751, 765–66 (Bankr.D.Utah 1998);[2] 4 William

2. *In re Hammond*, 236 B.R. 751 (Bankr.D.Utah 1998), which expressly holds that attorney fees

are not available in bankruptcy proceedings for actions to enforce divorce decree obligations, *see*

Miller Collier, *Collier on Bankruptcy* ¶ 523.21, at 523–118 (Alan N. Resnick & Henry J. Somner eds., 15th ed.2006). Congress specifically contemplated hold harmless provisions like that contained in the Decree when it enacted section 523(a)(15). *See In re Hammond,* 236 B.R. at 766.

¶ 14 This statute, however, "does not specifically provide that the prevailing party will be awarded attorney[ ] fees." *Id.* at 769. "Under the 'American Rule,' in cases brought upon or involving federal law, attorney[ ] fees are ordinarily not recoverable absent a specific statutory authority, a contractual right[,] or aggravated conduct." *Id.* (quotations and citation omitted). Thus, "there must be an underlying basis for the award *cognizable in federal court.*" *Id.* (emphasis added); *see also In re Colbert,* 185 B.R. 247, 250 (Bankr.M.D.Tenn.1995) (concluding that because party sought attorney fees under state statute for action pursuant to section 523(a)(15), court was "not authorized to award attorney fees" and "[a]ny award of attorney fees must come from the state court"). Seals did not have a basis for receiving attorney fees in federal bankruptcy court. As *In re Hammond* explains, no caselaw would have supported an award of attorney fees under section 523(a)(15). *See* 236 B.R. at 769. Moreover, no federal statute would have supported such a request. *See id.* Nor did Seals have a contractual right to attorney fees, because the Decree's only reference to attorney fees is the statement that "[e]ach party shall assume and pay their respective attorney fees and costs incurred" in the divorce action. *See In re White,* 265 B.R. 547, 560 (Bankr.N.D.Tex. 2001) (declining to award attorney fees in section 523(a)(15) action where " 'the Decree [did] not contain a provision allowing reasonable expenses incurred in enforcing the Decree' " (quoting *In re Hammond,* 236 B.R. at 769)).

¶ 15 We are convinced that it would have been futile for Seals to have asked for attorney fees in the bankruptcy proceedings. "It is well established that the law does not require litigants to do a futile or vain act." *Beltran v. Allan,* 926 P.2d 892, 901 (Utah

Ct.App.1996) (Billings, J., dissenting) (citation omitted); *see also Jenkins v. Equipment Ctr., Inc.,* 869 P.2d 1000, 1002–03 (Utah Ct. App.1994) (holding, in lien case, that obligor was excused from making tender where tender would have been "an idle ceremony and of no avail" (quotations and citations omitted)). Therefore, the trial court incorrectly concluded that Seals should have asked for attorney fees during the proceedings in bankruptcy court.

¶ 16 The trial court also concluded that Seals was not entitled to attorney fees because her adversary proceeding in the bankruptcy court was "wholly unnecessary initially, as Seals was not a named creditor in the bankruptcy proceedings." Although this conclusion may have been correct before Condie served Seals with written notice of the bankruptcy proceedings, failure to respond to that notice could have resulted in discharge of the Hopkinsville debt.

¶ 17 The Bankruptcy Code required Seals to file an adversary proceeding to protect her rights, even though she was not listed on Condie's bankruptcy schedules at the outset. Bankruptcy Code section 523(c)(1) states that "the debtor *shall* be discharged from a debt of a kind specified in [section 523(a)(15) ], *unless, on request of the creditor to whom such debt is owed,* and after notice and a hearing, the court determines such debt to be excepted from discharge under [section 523(a)(15) ]." 11 U.S.C. § 523(c)(1) (emphasis added); *see also* Collier, *supra,* at 523–118 ("[S]imultaneously with the enactment of [section 523(a)(15) ], Congress amended 11 U.S.C. § 523(c)(1) to add debts referred to in paragraph (15) to the list of debts that will be automatically discharged unless a creditor files an adversary proceeding in the bankruptcy court to have that debt declared nondischargeable."); Richard I. Aaron, *Bankruptcy Law Fundamentals* § 11:9 (West 2005) ("Failure of the creditor to act where the exception rests upon Bankruptcy Code §§ 523(a)(2), (4), (6), or (15) will result in a discharge. The fact that the creditor may have irrefutable evidence justifying an excep-

*id.* at 769, was authored by the same judge who presided over Condie's bankruptcy case.

tion to discharge will be of no aid to the creditor if the creditor fails to act.").

¶ 18 Moreover, and importantly in this case, the Bankruptcy Code provides that even if a creditor is not listed on the bankruptcy schedules, the creditor's debts may be discharged if the creditor "had notice or actual knowledge of the case in time for … timely filing." 11 U.S.C. § 523(a)(3)(A). "Indeed, a Chapter 7 creditor with such notice has a duty to protect [her]self from being adversely affected." *In re Green,* 876 F.2d 854, 857 (10th Cir.1989). It is undisputed that Seals had notice and actual knowledge of Condie's bankruptcy proceedings. Condie sent Seals a letter warning her that her debts could be discharged if she did not file an adversary proceeding. Seals, therefore, merely did what the law required. Thus, the trial court was incorrect in concluding that the adversary proceedings were wholly unnecessary because Seals was not a named creditor.

¶ 19 The final conclusion of law the court made in support of its denial of Seals's motion was that Seals's adversary proceeding was unnecessary because the Hopkinsville debt was satisfied in April 2001. Seals argues that this conclusion is incorrect because the debt was merely assigned, not satisfied, at that time. Again, we agree.

¶ 20 "Fundamental to the law of assignments is the concept that an assignee takes nothing more by his assignment than his assignor had." *Wiscombe v. Lockhart Co.,* 608 P.2d 236, 238 (Utah 1980). "An assignment merely sets over or transfers the interest of one party in certain property to another. Such an assignment does not have the effect of canceling any rights which other persons have in connection with such property." *Id.* (quotations and footnote omitted).

¶ 21 In April 2001, Hopkinsville Federal assigned the promissory note and mortgage on the Tooele property to Steffensen's company, which, as assignee, stepped into the shoes of the assignor, taking nothing more nor nothing less than the bank had. *See id.* The mortgage on the Tooele property was not canceled at that time, as evidenced by the eventual release of the mortgage when the debt was finally paid in full three years later.

¶ 22 Furthermore, after reviewing the record in detail, we conclude that the trial court misinterpreted the bankruptcy court's statement that the adversary proceedings were unnecessary because there was not "any dispute" in the case. Instead of referring to when the Hopkinsville debt was satisfied or whether Seals's proceedings were unnecessary, the bankruptcy court's comments simply recognized that there was no question that the Hopkinsville debt was nondischargeable under section 523(a)(15), *see* 11 U.S.C. § 523(a)(15); therefore, summary judgment was proper. Because the Hopkinsville debt was merely assigned rather than satisfied in 2001, and because the bankruptcy court's remarks do not support a conclusion that Seals's bankruptcy proceedings were unnecessary, the trial court's conclusion to the contrary was incorrect.

¶ 23 We conclude that remand is required here because the trial court relied on erroneous conclusions of law in making its determination regarding the attorney fees incurred in the bankruptcy case. However, we express no opinion about whether, on remand, Seals is entitled to the attorney fees she seeks, and what amount, if any, she should receive. Those determinations "rest[ ] primarily in the sound discretion of the trial court." *Rasband v. Rasband,* 752 P.2d 1331, 1336 (Utah Ct.App.1988) (citation omitted); *see also Willey v. Willey,* 951 P.2d 226, 232 (Utah 1997) ("[A] trial court is much better suited to determine reasonable attorney fees than is an appellate court, which can only consider evidence that is in the record."). This is especially true since Seals seeks an award pursuant to Utah Code section 30–3–3(2). *See* Utah Code Ann. § 30–3–3(2) ("The court, *in its discretion, may* award no fees or limited fees against a party if the court finds the party is impecunious or enters in the record the reason for not awarding fees." (emphasis added)). In fashioning a new decision on Seals's motion for attorney fees, the trial court should consider each of the factors listed in the statute in the

context of the legal conclusions addressed above.[3]

## CONCLUSION

¶ 24 We conclude that the trial court based its denial of Seals's attorney fees in the bankruptcy proceedings on incorrect conclusions of law. Accordingly, we remand to the trial court for reconsideration of Seals's motion to recover the attorney fees she incurred in Condie's bankruptcy proceedings.

¶ 25 WE CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge and JUDITH M. BILLINGS, Judge.

---

3. Both parties seek attorney fees for filing this appeal. Condie asserts that he should be awarded fees under Utah Rule of Appellate Procedure 33 because Seals's appeal was frivolous. *See* Utah R. Civ. P. 33. Given our disposition of this appeal, we reject Condie's argument. Conversely, Seals asserts that we should award her attorney fees under Utah Code section 30–3–3(2). *See* Utah Code Ann. § 30–3–3(2) (Supp.2005). Typically, "when fees in a divorce action were awarded below to the party who then prevails on appeal, fees will also be awarded to that party on appeal." *Burt v. Burt*, 799 P.2d 1166, 1171 (Utah Ct.App.1990) (citations omitted). If the trial court on remand determines that Seals should be awarded attorney fees for the bankruptcy case, it should also determine a reasonable amount to be awarded for fees incurred in this appeal. If, however, the trial court, in its broad discretion, declines to award Seals her fees incurred in the bankruptcy case, she likewise should be awarded no fees for this appeal.

