2008 UT App 301

**HOLLADAY TOWNE CENTER, LLC, a Utah limited liability company, Plaintiff and Appellant,**

v.

**HOLLADAY CITY, a Utah municipal corporation, Defendant and Appellee.**

No. 20070535-CA.

Court of Appeals of Utah.

Aug. 14, 2008.

Perrin R. Love, Salt Lake City, for Appellant.

H. Craig Hall, James K. Tracy, and Patrick S. Malone, Salt Lake City, for Appellee.

Before THORNE, Associate P.J., BILLINGS, and ORME, JJ.

## MEMORANDUM DECISION

ORME, Judge:

¶ 1 On January 30, 2006, Holladay Towne Center, LLC (HTC) filed an application with Holladay City to build a Walgreens drugstore within the city's Holladay Village Center zone (HVC zone). The parties dispute whether HTC's proposal met the HVC zone's then-current zoning requirements. On February 24, the city's Community Development Director, Paul Allred, sent correspondence to HTC requesting that HTC revise its site plan and provide additional information about its proposal. HTC and the city continued to discuss the Walgreens project until March 30, when the city officially rejected HTC's application and placed a six-month moratorium on new land use applications in the HVC zone. HTC did not appeal the rejection administratively—at least not in the manner prescribed by law. Instead, it continued to work with city officials to try to get the project approved. However, at the end of the moratorium, the city revised its zoning ordinances in a manner that would preclude projects like the one HTC proposed.

¶ 2 HTC filed suit. The city responded to the complaint by arguing, inter alia, that HTC failed to exhaust its administrative remedies as required by Utah Code section 10–9a–801(1). *See* Utah Code Ann. § 10–9a–801(1) (2007). The trial court agreed and granted summary judgment to the city.

¶ 3 Utah law clearly requires an aggrieved party to exhaust its administrative remedies before challenging a municipality's land use decision in court. Utah Code section 10–9a–701 provides:

> Each municipality adopting a land use ordinance shall, by ordinance, establish one or more appeal authorities to hear and decide … appeals from decisions applying the land use ordinances.… *As a condition precedent to judicial review,* each adversely affected person shall timely and specifically challenge a land use authority's decision, in accordance with local ordinance.

*Id.* § 10–9a–701(1)–(2) (emphasis added). "No person may challenge in district court a municipality's land use decision … *until that person has exhausted the person's administrative remedies* as provided in [section 10–9a–701.]" *Id.* § 10–9a–801(1) (emphasis added).

¶ 4 Under the city's ordinance, the appeal of a land use decision is a relatively simple thing. All that is required is a letter, filed within ten days of the adverse decision, "stating the reason for the appeal and requesting a hearing before the planning commission." Holladay, Utah, City Code § 13.84.100 (1999). If the planning commission affirms the original decision, the adversely affected party may appeal to the city council by filing a letter in triplicate "stating the reasons for the appeal." *Id.* § 13.84.110(A). This final administrative appeal must also be filed within ten days. *Id.*

¶ 5 HTC argues, on the one hand, that it would have been futile to appeal and, on the other hand, that it actually did appeal, albeit "informally," by continuing discussions about the Walgreens project with the planning commission and the city council during the moratorium. We cannot agree with HTC in either respect.

¶ 6 "As a general rule, 'parties must exhaust applicable administrative remedies as a prerequisite to seeking judicial review.'" *Nebeker v. Utah State Tax Comm'n,* 2001 UT 74, ¶ 14, 34 P.3d 180 (quoting *State Tax Comm'n v. Iverson,* 782 P.2d 519, 524 (Utah 1989)). "Exceptions to this rule exist in unusual circumstances where it appears that there is a likelihood that some oppression or injustice is occurring such that it would be unconscionable not to review the alleged grievance or where it appears that exhaustion would serve no useful purpose." *Iverson,* 782 P.2d at 524 (footnotes omitted). There is no question but that " 'the law does not require litigants to do a futile or vain act,'" *Condie v. Condie,* 2006 UT App 243, ¶ 15, 139 P.3d 271 (citation omitted), but HTC has not convinced us that appealing the city's rejection of its application in the manner required by state statute and city ordinance would have been futile.

¶ 7 We acknowledge the likelihood that political considerations influenced the city's decision to enact the moratorium and then to amend its zoning regulations in an effort to thwart HTC from realizing its ultimate goal. *See* Rosemary Winters, *Walgreens Gobbles Up Stores: Drugstore Giant Purchases Two Holladay Pharmacies,* Salt Lake Tribune, May 6, 2008, at C1 ("For years, Holladay residents and officials have fought to keep a fourth pharmacy out of their town center. They didn't want a Walgreens."). But the basis for the city's rejection of HTC's application *before* the moratorium and amendment was "fail[ure] to comply with the provisions of the applicable zone … and with other applicable ordinances." HTC takes exception to that determination.

¶ 8 Indeed, the crux of HTC's court complaint was that its application did conform to the applicable zoning requirements and ordinances in effect at the time it submitted its application, and that it therefore had a vested right to build a Walgreens in the HVC zone. We see no flaw in that basic proposition. *See Scherbel v. Salt Lake City Corp.,* 758 P.2d 897, 900 (Utah 1988) (" '[A]n applicant for … a building permit is entitled to favorable action if the application conforms to the zoning ordinance in effect at the

time of the application[.]' ") (citation omitted). *Accord Western Land Equities, Inc. v. City of Logan,* 617 P.2d 388, 391, 396 (Utah 1980). But instead of following the statutorily mandated procedures for appealing the departmental denial, which would have allowed HTC the opportunity to refute the city's determination and demonstrate the validity of its application, it "leap-frogged over the entire administrative process," *Patterson v. American Fork City,* 2003 UT 7, ¶ 17, 67 P.3d 466, and circumvented the city's " 'opportunity to correct any error it may have made,' " *Iverson,* 782 P.2d at 525 (citation omitted). HTC cannot "sit by and wait" for the city to act and then "raise all the underlying ... questions [it] might have raised if [it] had taken advantage of [its] rights in the manner provided by law." *Id.* at 526. "Were it otherwise, '[t]he omission of an imposed duty designed to advise an administrative body of [an error that could be corrected] ... [would] accrue to the advantage of the one who failed in the duty. This turns a delict into a triumph.' " *Id.* (first, third, and fourth alterations in original) (citation omitted).

¶ 9 HTC, then represented by other counsel, alternatively argued that it "informally" exhausted its remedies via meetings and discussions with the city's planning commission and city council during the moratorium. Specifically, HTC's Tom Hulbert submitted an affidavit in opposition to the city's motion for summary judgment in which he explained that within ten days of the city's adverse decision, HTC representatives spoke with Paul Allred and that "[a]s a result of speaking with Allred, a group of City Council members and the Mayor did in fact meet a number of times with representatives of [HTC]." Notwithstanding the explicit requirement of the ordinance that an appeal to the planning commission be commenced with submission of a *letter* within ten days of an adverse decision, Hulbert stated: "It was understood by [HTC] that these meetings constituted an effective appeal of the March 30, 2006 decision of the Community Development Director." This contention is untenable. "Where the legislature has imposed a specific exhaustion requirement such as that contained in section [10–9a–801], we will enforce it strictly." *Patterson,* 2003 UT 7, ¶ 17, 67 P.3d 466.

¶ 10 Affirmed.

¶ 11 WE CONCUR: WILLIAM A. THORNE JR., Associate Presiding Judge and JUDITH M. BILLINGS, Judge.